[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE DATED NOVEMBER 14, 1991
Defendant moves to strike counts 1, 2, and 3 of the plaintiff's complaint.
The first court alleges that the plaintiff, an at will employee, was attacked by a fellow employee and that she was wrongfully discharged as a result of a fight that she did not start. Plaintiff alleges that the wrongful discharge was a violation of public policy. The plaintiff has not alleged that her discharge violated any explicit statutory or constitutional provision. Nor has she alleged that her dismissal contravened any judicially conceived notion of public policy. Morris v. Hartford Courant Co., 200 Conn. 676, 680. The first count is stricken.
The second count alleges that the defendant acted unreasonably in terminating her and as a result of its conduct she suffered emotional distress. The third count alleges that the defendant knew or should have known that the termination involved unreasonable risk of causing the plaintiff emotional distress. Defendant claims that these counts should be barred by the exclusivity provision of the Worker's Compensation Act, Connecticut General Statutes section 31-284(a). The court finds that the alleged injury arose out of and in the course of the plaintiff's employment. Thus, in accordance with General Statutes section 31-384(a) worker's compensation provides her an exclusive remedy. Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529 (1985); Jensen v. M. H. Rhodes, (CV 88-0432497, December 21, 1989, Judicial District of Hartford/New Britain, Aronson, J.). The second and third counts are stricken.
FRANCES ALLEN, SENIOR JUDGE