[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the first, CT Page 2842 second and fourth counts of the amended complaint. While a motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108; Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. The court cannot infer other facts beyond those alleged in the complaint or necessarily implied from alleged facts. King v. Board of Education, 195 Conn. 90, 93.
The first count is for breach of an employment contract. In the absence of any allegation in it that there was an employment contract for a specified term, it must be inferred that the plaintiff-employee and the defendant-employer had an employment at will relationship, that the plaintiff was hired for an indefinite period and her employment was terminable at the will of the defendant. Morris v. Hartford Courant Co., 200 Conn. 676, 677. There are limited exceptions to this rule, Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 564, 565, but the complaint does not contain essential allegations to raise any of them.
The promissory estoppel claim in the second count fails for the same reason, insufficient factual allegations in the complaint to state a valid cause of action. The allegations, at most, amount to an agreement to enter into an at will employment relationship and not a contract to employ the plaintiff for a specific term. The plaintiff was in fact hired by the defendant, and the fact that the plaintiff left another job to work for the defendant does not, without more, state a promissory estoppel claim.
The fourth count combines claims of negligent and intentional infliction of emotional distress. Termination of an at will employee shortly after the employee commenced the job, standing alone, does not qualify, even though the plaintiff left another job to commence work for the defendant. The alleged facts do not contain the essential allegations for intentional infliction of emotional distress as stated in such cases as Petyan v. Ellis, 200 Conn. 243, CT Page 2843 253. In some cases an action for unintentional negligent infliction of emotional distress based on unreasonable conduct of the defendant in the termination process may exist even though the employee was under an employment at will relationship with the employer. Morris v. Hartford Courant Co., supra, 681, 683. The court does not consider all of the evidence admissible under the complaint and weigh evidence when deciding a motion to strike. Facts admissible under the complaint may be sufficient for a recovery on this theory.
The motion to strike the first and second counts is granted, and the motion to strike the fourth count is denied.
ROBERT A. FULLER, JUDGE