# EDWARD V. MORRIS *v.*
# THE HARTFORD COURANT COMPANY
# (12756)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and KINNEY, Js.

Argued June 5—decision released August 5, 1986

*Eugene C. Cushman,* for the appellant (plaintiff).

*Ralph G. Elliot,* for the appellee (defendant).

SHEA, J. The plaintiff, Edward V. Morris, brought suit against his former employer, The Hartford Courant Company, alleging in the first count of his revised substitute complaint[1] that he had been wrongfully discharged based upon a false accusation that he had misappropriated company funds and, in the second count, that his discharge had resulted in the infliction of severe emotional distress. The defendant moved to strike each count of the complaint for failure to state a claim upon which relief could be granted. After the trial court granted the motion to strike, the plaintiff declined to plead further pursuant to Practice Book § 157, and judgment was subsequently entered for the defendant. The plaintiff has appealed, claiming that the trial court erred in granting the defendant's motion to strike because both counts allege cognizable causes of action. We find no error.

The plaintiff's revised substitute complaint alleges that for an eleven and one-half year period he was employed by the defendant in the circulation department. The complaint does not allege that there was an employment contract for a specified term. We, therefore, infer from the complaint that the plaintiff-employee and the defendant-employer had an employment at will relationship, that is, the plaintiff was hired for an indefinite period and his employment was terminable at the will of the defendant. See *Somers* v.

[1] The plaintiff initially brought this action in four counts. The initial complaint was twice amended and the action was cast in its present two count form. The defendant moved to strike the amended complaint for failure to state a claim upon which relief could be granted. The motion to strike was granted by the trial court, *O'Connell, J.,* and the plaintiff pleaded over pursuant to Practice Book § 157 by filing a substitute complaint. The plaintiff then filed the revised substitute complaint which is the subject of this appeal.

*Cooley Chevrolet Co.,* 146 Conn. 627, 629, 153 A.2d 426 (1959). On December 14, 1981, the defendant terminated the plaintiff's employment by presenting him with a termination notice asserting that he had misappropriated company funds. Subsequently, the plaintiff instituted this action specifically alleging in the complaint that his dismissal was wrongful because the defendant had failed to investigate its assertions and that, therefore, it "violated public policy by falsely charging [him] with criminal conduct . . . ." The complaint also alleged that the defendant "knew or should have known, or was substantially certain that the discharge . . . would cause [the plaintiff] severe emotional distress."

Because this appeal is before us pursuant to a motion to strike, we note preliminarily that all well pleaded facts in the complaint as amended must be construed in a manner most favorable to the plaintiff. *Norwich* v. *Silverberg,* 200 Conn. 367, 370, 511 A.2d 336 (1986); *Mead* v. *Burns,* 199 Conn. 651, 655, 509 A.2d 11 (1986); *Verdon* v. *Transamerica Ins. Co.,* 187 Conn. 363, 365, 446 A.2d 3 (1982); *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 (1980); *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 (1973). Accordingly, we must assume, in this case, that the plaintiff was falsely accused of criminal conduct. The question before us becomes, therefore, whether a false accusation of criminal activity is sufficient to support an action for wrongful discharge or for infliction of emotional distress.

I

The principal issue before us is whether the plaintiff's cause of action for wrongful discharge fits within the narrow public policy exception to the general proposition that contracts for an indefinite term of employment are terminable at will. In *Sheets* v. *Teddy's Frosted*

*Foods, Inc.,* supra, 475, we recognized, as have the vast majority of other courts, a common law cause of action in tort for discharges "if the former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original.) See *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 479 A.2d 781 (1984); *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 443 A.2d 922 (1982); see generally note, "Guidelines for a Public Policy Exception to the Employment at Will Rule: The Wrongful Discharge Tort," 13 Conn. L. Rev. 617 (1981); note, "Protecting Employees at Will Against Wrongful Discharge: The Public Policy Exception," 96 Harv. L. Rev. 1931 (1983). This public policy exception to the employment at will rule carved out in *Sheets* attempts to balance the competing interests of employer and employee. Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy. The employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability. Employee job security, however, is protected against employer actions that contravene public policy.[2]

In his revised substitute complaint the plaintiff attempted to bring his case within the narrow ambit of *Sheets* by alleging that the defendant "falsely charg[ed] the [plaintiff] with criminal conduct" and that "as a result wrongfully discharged the plaintiff from his employment." There is no allegation that the

---

[2] In *Magnan* v. *Anaconda Industries, Inc.,* 193 Conn. 558, 572, 479 A.2d 781 (1984), we expressly refused to enlarge the circumstances under which an employee at will may successfully challenge his dismissal beyond the situation where the reason for his discharge involves impropriety derived from some important violation of a public policy. We, therefore, held that such an employee cannot sustain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based solely upon a discharge without just cause. Id.

defendant knew that the plaintiff did not misappropriate company funds and nevertheless deliberately accused him of it. Nor did the plaintiff allege that the accusation was made with reckless disregard of the truth or falsity of the information. As the plaintiff conceded at oral argument, and as is apparent in the revised substitute complaint, it is alleged only that the defendant negligently investigated the matter. The trial court concluded that such an allegation does not implicate an important violation of public policy. On appeal the plaintiff persists in portraying his dismissal as contravening public policy. We disagree with the plaintiff's characterization.

The plaintiff has failed to identify any particular public policy affronted by his termination. Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. Nevertheless, the plaintiff has not alleged that his discharge violated any explicit statutory or constitutional provision. Nor has he alleged that his dismissal contravened any judicially conceived notion of public policy. Under the allegations of the present complaint it is unnecessary for us to articulate the limits of the public policy exception any more definitely than we have done previously. We also need not consider, therefore, whether an allegation that the false accusation was knowingly or recklessly made would have established a viable cause of action under these limits. The plaintiff here claims merely that it violates public policy to accuse an employee of a crime falsely. He alleges only that the defendant failed to investigate the charge "reasonably and adequately." A false but negligently made accusation of criminal conduct as a basis for dismissal is not a "demonstrably *improper* reason for dismissal" (emphasis in original) and is not "derived from some important violation of public policy." *Sheets* v. *Teddy's Frosted Foods, Inc.*, supra, 475.

Therefore, although we continue to recognize that a wrongful discharge is actionable when based upon some important violation of public policy, the motion to strike the first count of the complaint was properly granted because its allegations did not fall within the necessary parameters.

## II

The plaintiff also claims that the trial court erred in striking the second count of his revised substitute complaint alleging the unintentional infliction of emotional distress.[3] The trial court granted the defendant's motion to strike because it concluded that the emotional distress count was merely derivative of the first count. Having found no actionable discharge in the first count, the court concluded there was no breach of duty as alleged in the second count. Although we disagree with the basis for the trial court's conclusion, the motion to strike was properly granted.

The trial court's conclusion that the plaintiff failed to state a cognizable claim for wrongful discharge does not, as the trial court concluded, ineluctably lead to the conclusion that a cause of action for infliction of emotional distress cannot be based upon the conduct of the defendant employer. As we have said, in order for a wrongful discharge action to lie properly in an employment at will situation, the termination must be based upon "some important violation of public policy." Id. There is nothing in that doctrine, however, to preclude

[3] The allegations of the complaint do not state precisely whether the plaintiff was asserting a claim for intentional or unintentional infliction of emotional distress. There was no allegation in the complaint that the defendant's actions accusing the plaintiff of committing a criminal act were outrageous or made with the intention of causing emotional distress. See *Petyan* v. *Ellis,* 200 Conn. 243, 253, 510 A.2d 1337 (1986); 1 Restatement (Second), Torts § 46 (1965). Therefore, as the plaintiff conceded at argument, we conclude that he was asserting only a claim of unintentional infliction of emotional distress.

an action for unintentional infliction of emotional distress based upon unreasonable conduct of the defendant in the termination process.[4] Therefore, the trial court erroneously concluded that the plaintiff's second count failed to state a claim upon which relief could be granted merely because it related to the same events as those alleged in the stricken first count.

Although grounds other than those specified should not be considered by the trial court in passing upon a motion to strike; *Cyr* v. *Brookfield,* 153 Conn. 261, 263, 216 A.2d 198 (1965); where the trial court sustains a motion to strike on erroneous grounds, if another ground is appropriate, the granting of the motion will be upheld by this court. *Fraser* v. *Henninger,* 173 Conn. 52, 59, 376 A.2d 406 (1977); *Oppenheimer* v. *Connecticut Light & Power Co.,* 149 Conn. 99, 105, 176 A.2d 63 (1961). Of course, the alternative ground must have been alleged in the motion to strike in some form. *Oppenheimer* v. *Connecticut Light & Power Co.,* supra. As we have concluded, the trial court granted the motion to strike on erroneous grounds. It is necessary, therefore, to determine whether the motion to strike could properly have been based on grounds other than those relied on by the trial court.

---

[4] Although we have decided that the employment at will rule does not prohibit an action for the infliction of emotional distress, such an action might, in certain circumstances, be precluded. In *Petyan* v. *Ellis,* 200 Conn. 243, 254, 510 A.2d 1337 (1986), we held that an employer, when supplying information on forms required by the unemployment compensation commission, could not be held liable for the infliction of emotional distress because of the absolute privilege attending the furnishing of such information. *Magnan* v. *Anaconda Industries, Inc.,* 37 Conn. Sup. 38, 43, 429 A.2d 492 (1980), rev'd on other grounds, 193 Conn. 558, 479 A.2d 781 (1984). We are unable to determine from the present complaint, however, whether the termination notice which contained the false accusation was a document required by our administrative regulations. See Regs., Conn. State Agencies § 31-222-9. We also note that since this case was disposed of on a motion to strike the defendant had no opportunity to plead any privilege as a special defense. See Practice Book § 164. Therefore, we will resolve this issue in the manner in which it was presented to the trial court.

In the memorandum of law filed in support of its motion to strike, the defendant maintained[5] that the complaint was insufficient to state a claim for unintentional infliction of emotional distress because of the failure of the plaintiff to allege that the emotional distress might result in illness or bodily harm.[6] In *Montinieri v. Southern New England Telephone Co.,* 175 Conn. 337, 345, 398 A.2d 1180 (1978), we first recognized a cause of action for "unintentionally-caused emotional distress" and held that recovery did not "depend on proof of either an ensuing physical injury or a risk of harm from physical impact." We concluded, however, that the plaintiff does have the burden of pleading and establishing that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, *might result in illness or bodily harm."* (Emphasis added.) Id.; see *Urban v. Hartford Gas Co.,*

[5] The defendant's motion to strike failed to comply with Practice Book § 154, which requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency. The motion filed sought to strike the revised substitute complaint "because each count fails to state a claim upon which relief can be granted." We have said that a motion to strike that does not specify the grounds of insufficiency is "fatally defective"; *Lubas v. McCusker,* 153 Conn. 250, 253, 216 A.2d 289 (1965); and that "Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." *King v. Board of Education,* 195 Conn. 90, 94 n.4, 486 A.2d 1111 (1985). Nevertheless, the plaintiff made no objection to the form of the defendant's motion to strike, and because we do not consider Practice Book § 154 to be jurisdictional in nature, we will consider the motion to strike in the form presented to the trial court.

[6] We note that the ground upon which we rely was raised in the defendant's memorandum of law in support of a motion to strike the earlier amended complaint. Although this ground was not asserted in the memorandum of law in support of the motion to strike the revised substitute complaint, the earlier memorandum was filed as an addendum and was expressly incorporated by reference. The trial court was, therefore, apprised of the alternative argument and the plaintiff, by virtue of the attached prior pleading, should have been well aware of the claim.

139 Conn. 301, 93 A.2d 292 (1952); annot., 1 A.L.R.4th 209 (1980); 2 Restatement (Second), Torts § 313 (1965).

Despite the fact that the defendant failed to assert a distinct basis for the legal insufficiency of the complaint in its motion to strike, we see no injustice to the plaintiff here, because its inclusion in the supporting memorandum of law provided adequate and sufficient notice to the plaintiff of a potential inadequacy in his complaint that could have been cured by pleading over. See *Supples* v. *Cannon,* 44 Conn. 424, 431 (1877). Therefore, although the trial court based its ruling on improper grounds, a reversal of the trial court is not mandated, because the plaintiff's allegations are insufficient to establish the conduct necessary to maintain an action for unintentional infliction of emotional distress. The plaintiff did not allege that the emotional distress caused by the defendant's conduct exposed him to the risk of illness or bodily harm. Therefore, the trial court was correct in striking the second count of the complaint for failure to state a claim upon which relief could have been granted.

## III

The plaintiff's final claim is that the trial court deprived him of his right to maintain an action under article first, § 10, of our state constitution and the fourteenth amendment to the United States constitution. Article first, § 10, of our state constitution provides that "[a]ll courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." Although this constitutional provision safeguards a person's "right to redress" in the courts, it does *not* protect this right unless "one suffers a recognized injury." *Gentile* v. *Altermatt,* 169 Conn. 267, 284, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763,

46 L. Ed. 2d 631 (1976). Thus, a necessary prerequisite to the constitutional "open court" requirement is that a person must suffer a cognizable "injury." Such an injury has been defined as " 'a legal injury, that is, one violative of established law of which a court can properly take cognizance.' " Id., 285, quoting *Taylor* v. *Keefe,* 134 Conn. 156, 163, 56 A.2d 768 (1947). Because each count in the plaintiff's revised substitute complaint fails to state a claim upon which relief can be granted, as we have concluded, the plaintiff clearly has no cognizable injury that constitutionally requires an avenue of redress pursuant to article first, § 10, of our state constitution. We similarly conclude that the plaintiff's federal constitutional due process claim is without merit.

There is no error.

In this opinion the other justices concurred.