[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has moved for summary judgment as to liability against both defendants. In support of this motion, the plaintiff has presented his own affidavit, the deposition transcript of an, officer of both defendants and various documents. The defendants have presented the affidavit of their president and various documents in opposition to the motion.
From the pleadings and documents presented to the court, it appears that the plaintiff was an employee of the defendant Professional Ambulance Service, Inc. ("Ambulance"). He was driving an ambulance of that defendant when the ambulance was involved in a one car accident in which another Ambulance employee was injured and the ambulance was damaged. The plaintiff received a citation for traveling too fast. An investigation by Ambulance concluded that the plaintiff was at fault for causing the accident. Ambulance demanded that the plaintiff reimburse it in the amount of $1,000, which was the uninsured portion of the loss Ambulance sustained due to the damage to the ambulance. The plaintiff refused to reimburse Ambulance, and thereafter took a leave of absence from Ambulance.
Thereafter the plaintiff started working for Professional Wheelchair Services, Inc. ("Wheelchair"), a company which was related to Ambulance, in that the president of Ambulance, Harvey Kagan, was the vice president of Wheelchair. His employment was commenced without Kagan's knowledge. Kagan learned of the employment shortly thereafter and immediately terminated the plaintiff's employment. The he defendants claim that at that time Kagan informed the plaintiff that he was terminated from employment by Wheelchair and from any employment with any company owned by Kagan (which included Ambulance) until the plaintiff paid $1,000 in damages.
Approximately twelve days after the aforementioned termination of his employment, the small claims court rendered judgment against Ambulance on its claim to recover the $1,000 from the plaintiff. A month thereafter the plaintiff reapplied for employment with Ambulance and was again told by Kagan that he could not work for Ambulance until he paid $1,000 in damages.
The plaintiff then brought this action which claims that his employment was wrongfully terminated by Wheelchair and Ambulance in violation of the public policy established by CT Page 737031-73 of the Connecticut General Statutes. The plaintiff claims that 31-73 prohibits an employer from conditioning employment on repayment by the employee to the employer of sums which are not owed.
The plaintiff's motion for summary judgment is based on the claim that there is no factual dispute concerning his termination and as a matter of law 31-73 constitutes an important public policy which was violated by his termination.
Section 31-73 provides, in part:
 No employer . . . shall . . . demand . . . any refund of wages, fee, sum of money or contribution from any person, or deduct any part of the wages agreed to be paid, upon the representation or the understanding that such refund of wages, fee, sums of money, contribution or deduction is necessary to secure employment or continue in employment.
Section 31-73 is a penal statute whose intent is to prevent employers from paying workers at a rate below the legal wage limits by forcing employees to pay "kick-backs" to employer. 25 Op. Atty. Gen. 21 (Feb 17, 1947). It does not prohibit employers from deducting a sum from an employee's wages to be held as a bond to "reimburse the employer for losses due to carelessness or wrongful appropriation by the employee." Id. at 23.
Based on the foregoing, it appears that 31-73 may not apply in the present case where the employer was not attempting to pay lower wages by exacting a kick-back. However, it is not necessary to reach that issue because a dispute as to a material fact exists between the parties.
The plaintiff claims that after the small claims court decided that he did not owe $1,000 to his employer, the employer was no longer justified in conditioning his continued employment on payment of that amount. He claims he was terminated after the small claims decision.
The defendants contend that the plaintiff was terminated prior to the small claims decision at a time when the defendants had a good faith belief that the plaintiff did owe $1,000. Thus, the termination could not have violated 31-73, even if that statute did apply, but was rather, a "personnel decision" for which the Supreme Court has refused to impose liability on an employer under Morris v. Hartford Courant Co., 200 Conn. 676,680 (1986). CT Page 7371
For the foregoing reasons, the motion for summary judgment is denied.
BY THE COURT AURIGEMMA, J.