[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has brought this cause of action against his former employer for wrongful discharge. In his Revised Amended Complaint, plaintiff has alleged in five counts breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, and defamation. Defendant has moved the strike the Second, Third, Fourth and Fifth Counts of plaintiff's Revised Amended Complaint, each for failure to state a claim upon which relief may be granted.
A motion to strike challenges the legal sufficiency of a pleading. It admits all well pleaded facts and those necessarily implied from its allegations. The issue is whether the pleadings, construed in the manner most favorable to plaintiff, would establish a recognized cause of action. Mingachos v. CBS, Inc.,196 Conn. 91 (1985).
In his First Count, plaintiff has alleged that defendant terminated his employment without just cause and in violation of its disciplinary and grievance procedures set forth in its employment policies and manuals, in breach of its employment contract with plaintiff.
In his Second Count, plaintiff alleges that in terminating him without just cause and without a complete and adequate investigation and in failing to allow him to contest his termination through the grievance procedure, defendant breached the implied covenant of good faith and fair dealing in their employment agreement. In moving to strike this count, defendant argues that plaintiff has failed to allege that his discharge involves any impropriety which contravenes some important public policy, a necessary requirement when an at-will employee attempts to challenge his dismissal for breach of the implied covenant of good CT Page 10760 faith and fair dealing.
Plaintiff claims this case is distinguishable because he has brought his case outside of the rulings generally applicable to at-will employees by alleging the existence of an employment contract which included requirements of progressive discipline and discharge for cause. Plaintiff concedes that some violation of public policy is required in order for an at-will employee to pursue a claim against an employer based on breach of an implied covenant of good faith and fair dealing. See Magnan v. Anaconda Industries, Inc.,193 Conn. 558 (1984); Morris v. Hartford Courant Newspaper Company,200 Conn. 676 (1976); and Carbone v. Atlantic Richfield Company,204 Conn. 460 (1987).
The reason for this distinction is that where an employment contract is clearly terminable at-will, an employer cannot ordinarily be deemed to lack good faith in exercising this right. Carbone, 204 Conn. at 470. Here, plaintiff has alleged specific terms of the employment contract which he claims were violated, and incorporated those allegations into an additional claim that defendant's acts violated the implied covenant of good faith and fair dealing which exist in every contract, oral, written, express or implied. Plaintiff's recovery on this claim is dependent upon a finding that his employment agreement contained limits on the employer's ability to discharge him and that his discharge violated the reasonable expectations of both parties as to the terms and conditions or limits on plaintiff's discharge. Since plaintiff has alleged and assumed the burden of proving such conditions as part of the Second Count, his Second Count does state a recognizable cause of action for breach of the implied covenant of good faith and fair dealing in the parties' agreement concerning his employment. The Motion to Strike is denied as to the Second Count.
Defendant has also moved to strike the Third Count of the Complaint, sounding in promissory estoppel. In this count, plaintiff alleges that he relied, to his detriment, on defendant's express statements in the employee handbook regarding discipline and the availability of a grievance procedure. Defendant has moved to strike this count on the grounds that plaintiff's claims of reliance are insufficient as a matter of law, because plaintiff did nothing in reliance on said promises other than remain employed.
In the employment-contract area, the test for determining liability under the doctrine of promissory estoppel is not based on the presence or absence of consideration, but on whether or not plaintiff has alleged the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213, (1987). In Munson v. United Technology Corp.,4 CSCR 748 (1989) the court held in a similar case that promises of CT Page 10761 progressive discipline prior to termination are sufficiently promissory and sufficiently definite to support contractual liability. No other consideration was required to support the promise other than that the employee would perform services. Similarly, in Teifer v. Sonitrol Communications Corp., 5 CSCR 652
(1990), the court ruled that the sufficiency of the claims of detrimental reliance are issues of fact, and if alleged are not addressable by a motion to strike. See also Coelho v. Posi-Seal Intern, Inc., 208 Conn. 106 (1988).
The case of John F. Epina Realty, Inc. v. Space Realty Inc.,191 Conn. 71 (1984), on which defendant relies, is distinguishable. There, after trial, the court found that plaintiff broker had not proved reliance on defendant's estimates of fair market value of its business to be sold, when plaintiff had agreed to accept a 10% commission of a much lower asking price. Whether or not plaintiff will be able to prove his claim that he relied on the alleged promises to his detriment is an issue for the trier of fact. The Motion to Strike is denied as to the Third Count.
Defendant has also moved to strike Count Four which alleges a claim of negligent misrepresentation. Therein, plaintiff alleges that "the defendant negligently misrepresented the facts and conditions of employment to the plaintiff causing him damage. . . ." Count Four, para. 26. Defendant argues that this count fails to state a cause of action for negligent misrepresentation because it lacks any allegation that the misrepresentation was made to induce the plaintiff to act on it and that plaintiff did so act on it to his injury, two of the four requirements for a cause of action sounding in misrepresentation. J. Frederick Scholes Agency v. Mitchell, 191 Conn. 353, 358 (1983).
"An actionable misrepresentation, whether made knowingly, recklessly, negligently or innocently, must be made for the purpose of inducing action upon it." Id., 191 Conn. at 359. Although forbearance from seeking other employment might be sufficient to show detrimental reliance in an employment case, this complaint contains no allegations whatsoever as to the purpose or inducement to act of the alleged misrepresentation or any action or forbearance taken as a result of the misrepresentation. See D'Ulisse-Cupo v. Board of Directors, 202 Conn. at 217-218 and fn. 5. Accordingly, Count Four fails to state the essential elements of a claim sounding in negligent misrepresentation and may be stricken.
Defendant has also moved to strike Count Five of the Complaint, which alleges a claim for defamation. Therein, plaintiff alleges that defendant made a false and defamatory statement to him in its letter setting forth the reasons for his termination from employment. Plaintiff also alleges that he has CT Page 10762 subsequently applied for similar employment with others and has been "strongly compelled to disclose" the stated reasons for termination and that "it was reasonably foreseeable by defendant that plaintiff would be compelled to communicate to potential employers the reasons upon which the defendant relied for termination." These allegations set forth the doctrine of "self-publication" whereby a plaintiff would not have to show that the alleged defamatory statement was communicated to a third party or "published", if plaintiff alleges the existence of a strong compulsion upon the defamed person to disclose the defamatory statement to third parties and that such compulsion was reasonably foreseeable by the defendant.
Defendant argues that the doctrine of self-publication is an exception to the usual requirements for a cause of action of defamation which has not yet been passed on by any Connecticut appeals court. However, where, as here, the doctrine is sufficiently alleged, the trial courts have been reluctant to strike the complaint on that grounds. See Spain v. Blue Cross/Blue Shield, 2 CSCR 424 (1987) and Lusky v. Ashford, 4 CSCR 573 (1989).
Defendant also urges the court to strike the defamation count on the grounds that the statements were qualifiedly privileged. However, privilege is a defense and plaintiff has no burden to plead defendant's privilege or absence thereof. Charles Parker Company v. Silver City Crystal Company, 142 Conn. 605, 614-618
(1955) and Miles v. Perry, 11 Conn. App. 584, 594, note 8. The allegations of Count Five do state the essential elements of a cause of action for defamation based on self-publication, and should not be stricken.
Accordingly, the motion to strike is granted as to Count Four of the Revised Amended Complaint and denied as to the Second Count, Third Count and Count Five.
So ordered,
SEQUINO, J.