[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The law of wrongful termination has recently received a lot CT Page 2224 of attention. Of particular relevance is a recent discussion of the rights and remedies afforded someone with an at will contract.
 "[W]here a contract of employment is not for a definite or determinable duration it is terminable at the will of either party at any time and for any reason not involving "`impropriety . . . derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., [179 Conn. 471, 475 . . . (1980)]. Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572 . . . (1984). . . . Performance of satisfactory service is not a measurable standard that would prevent an employer from dismissing without reason an employee under contract for a definite or determinable term. Being subjective in nature, its only measure is the personal choice of the employer. It does not require that there be an accountable reason for termination of employment that is subject to judicial scrutiny. Its scope does not reach that of good or just cause for termination of employment.'"
Slifkin v. Dondec Corp., 13 Conn. App. 538, 548-49 (1988).
With an at will contract, the defendant was free to terminate the plaintiff in the absence of any "demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980). See Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572 (1984) (wherein the Court refused to enlarge the circumstances under which an at-will employee may successfully allege his dismissal beyond the situation when the reason for his discharge involves such type of impropriety.) See also Morris v. Hartford Courant Co., 200 Conn. 676, 679.2. (1986). Additionally, in the absence of any impropriety that contravenes some important public policy, an at will employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing. Carbone v. Atlantic Ridgefield, 204 Conn. 460, 470-471 (1987). And finally, for an at will contract, the manner of discharge is actionable, if at all, only where demonstrably improper:
 "Unless there is an expansion of the Sheets requirement or an additional CT Page 2225 exception to the traditional common law employment at will discharge rules, the reason for or the manner of discharge must be not only demonstrably improper, but the impropriety must be derived from some important violation of public policy."
Carbone v. Atlantic Richfield Co., 204 Conn. 460, 469 (1987).
There has been no allegation of an impropriety that was derived from some important violation of Public policy in either the first or second counts of the complaint in issue. As a result, the defendant's Motion to Strike is granted.
KATZ, JUDGE