[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs instituted the present action seeking to recover damages from the defendant and its employee with respect to the handling of investment accounts by the defendants and the failure to follow the instructions of the plaintiffs. The complaint is brought in eight counts including counts alleging in substance, breach of contract, negligence, Uniform Securities Act violations and conversion which are not here an issue. The defendant has however, moved to strike the Third Count which alleges the negligent infliction of emotional distress; the Fourth Count which the defendant labels as an unspecified claim; the Fifth Count which alleges intentional infliction of emotional distress; and the Seventh Count which alleges a violation of the Connecticut Unfair Trade Practices Act (CUPTA).
The Second Count of the complaint alleges a factual background and then asserts that the defendants handled the plaintiffs' security account in a negligent manner. The same claims are asserted in the Third Count after which the plaintiff then alleges, in Paragraph 14, that the negligence caused the plaintiffs to suffer great emotional distress. Other than the emotional distress claim, the Third Count is identical to the Second Count and therefore adds nothing except the emotional distress claim. In a CT Page 6190 cause of action for unintentionally caused emotional distress, the plaintiff has the burden of pleading that "the defendant should have realized that its conduct involved in unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Morris v. Hartford Current Co., 200 Conn. 676, 681 (1986). The Third Count of the complaint contains no such claim and accordingly, the Motion to Strike the Third Count is granted.
The Fourth Count of the complaint again sets forth a factual background and states that the defendants so handled the plaintiffs' securities account wilfully, wantonly and knowingly. Such allegations are sufficient to allege a claim that the defendants intentionally breached duties owing to the plaintiffs or in reckless disregard of their rights. Accordingly, the Motion to Strike the Fourth Count is denied.
The Fifth Count attempts to set forth a claim for intentional infliction of emotional distress. To assert a claim for the intentional infliction of emotional distress, the plaintiffs must demonstrate conduct that is so extreme and outrageous that it causes severe mental distress. Puitan v. Ellis, 200 Conn. 243, 253
(1986) (citations Omitted). The allegations of the Fifth Count contain no such claims and accordingly, the Motion to Strike the Fifth Count is hereby granted.
The Seventh Count of the complaint sets forth the factual basis of the plaintiffs' claims regarding the securities transactions and asserts a violation of CUPTA (General statutes42-110a et seq. CUPTA does not apply to the securities transactions alleged. Russell v. Dean Whitter Reynolds, Inc.,200 Conn. 172, 175-184 (1986).
Accordingly, the Motion to Strike the Seventh count is granted.
To recapitulate, the Motions to Strike the Third, Fifth and Seventh Counts are, hereby granted; the Motion to Strike the Fourth Count is hereby denied.
RUSH, J.