[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND OBJECTIONS THERETO
Count 1. The Motion to Strike is granted. Plaintiff has failed to identify any particular public policy affronted by his termination. Morris v. Hartford Courant, 200 Conn. 676 (1986).
Count 2. The Motion to Strike is denied. The plaintiff's reliance on the company's representation that plaintiff would CT Page 435 not be unreasonably terminated and would be assured employment security constitutes an implied contract. Coelho v. Posi-Seal International, Inc., 208 Conn. 106 (1988).
Count 3. The Motion to Strike is denied. There are allegations of reliance on representations of the defendant that plaintiff would be terminated only for just cause. The legal sufficiency of this can only be determined after an evidential hearing. Coelho v. Posi-Seal International, Inc., 208 Conn. 106.
Count 4. The Motion to Strike is granted because it is based on Count 1 which has been stricken.
Count 5. The Motion to Strike is denied. The plaintiff has alleged that defendant-supervisor should have realized that the plaintiff's emotional distress might result in illness or bodily harm. Montinieri v. Southern New England Telephone Company, 175 Conn. 337, 341.
Count 6. The Motion to Strike is denied. Defendant-company may be held liable for injuries and losses set forth under Count 5 under the doctrine of respondeat superior.
Count 7. The Motion to strike is granted by agreement.
Count 8. The Motion to Strike is granted. The loss of consortium claim is derivative of Count 1 which has been stricken.
Counts 9 and 10. The Motions to Strike are denied. The loss of consortium claims are derivative of Counts 2 and 5.
Allen, J.