[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on all counts of the plaintiff's four-count complaint. The first count of the complaint alleges that defendant wrongfully discharged the plaintiff from his employment in that it terminated the plaintiff's employment based on allegations of theft which it knew were false, or in the alternative, with reckless disregard as to the truth or falsity of the allegations of the plaintiff's theft or, in the alternative, that the defendant was negligent in its investigation of the plaintiff's alleged theft prior to terminating the plaintiff's employment. The second count alleges that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress to the plaintiff and that the plaintiff suffered emotional distress as a result of the defendant's conduct. The third count alleges that the defendant promised the plaintiff a job for the duration of his lifetime. The fourth count alleges that the termination of the plaintiff's employment was a breach of the covenant of good faith and fair dealing.
In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,427 A.2d 385 (1980), the Connecticut Supreme Court held that an employee may have a cause of action for wrongful discharge from employment if he can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy. Id. at 475. In Morris v. The Hartford Courant, 200 Conn. 676,513 A.2d 66 (1986), the Connecticut Supreme Court held that a false but negligently made accusation of criminal conduct is CT Page 616 not a demonstrably improper reason for dismissal which violates public policy. The complaint in the present case alleges that the defendant's investigation into allegations of the plaintiff's theft was negligent. However, it also alleges that the defendant terminated the plaintiff's employment with knowledge that the allegations as to the plaintiff's theft were false or with reckless disregard of the truth or falsity of such allegations.
In support of the Motion for Summary Judgment the defendant has submitted documentary evidence that an employee of the defendant reported to the defendant's manager of Security, Roger Johnson, that she had seen the plaintiff steal money from an employee honor box on virtually a daily basis and described the manner in which the thefts took place. This employee gave a written statement of her observations and identified four other employees who had information regarding this misconduct. After receiving the employee complaint, Mr. Johnson personally observed the plaintiff taking money from the employee honor box in a manner consistent with the description provided by the complaining employee. Mr. Johnson interviewed the individuals who had been identified as witnesses to the previous thefts. Those individuals confirmed that they had observed the plaintiff commit the thefts. The plaintiff was interviewed by Mr. Johnson regarding thefts from the employee honor box. He denied that he had stolen money and insisted that his removal of coins from the honor box was only a part of his making change. Based on the employee statements and his own observations, Mr. Johnson concluded that the plaintiff had been responsible for thefts from the honor box. Mr. Johnson presented his findings in a written report. The defendant discharged the plaintiff based on a report of Mr. Johnson.
Although the defendant denies his thefts from the employee honor box, he has presented no evidence in opposition to the Motion for Summary Judgment to support his claims that the defendant knew that the allegations of the plaintiff's thefts were false and terminated his employment anyway. He also has failed to produce any evidence that the defendant recklessly disregarded the truth or falsity of the allegations of the plaintiff's theft.
The second count of the complaint alleges that defendant's actions constituted an unintentional infliction of CT Page 617 emotional distress. In order to prove such a claim the plaintiff must show that the defendant knew or should have known that its actions would involve an unreasonable risk of causing distress that could precipitate illness or bodily harm. Morris v. Hartford Courant Co., supra, Montineri v. SNET Co., 175 Conn. 337, 398 A.2d 1180 (1978). The plaintiff has presented no evidence from which it can be inferred that the defendant's actions involved an unreasonable risk of emotional distress which might lead to illness or bodily harm. The defendant has presented evidence that it conducted an investigation of the allegations of the plaintiff's theft prior to terminating the plaintiff's employment. The investigation included interviews with a number of witnesses, the taking of signed statements and the actual observations by the plaintiff's investigator of the plaintiff's theft. Undoubtedly, the plaintiff's termination was an unpleasant event for the plaintiff. However, there is no evidence that the defendant's actions involved an unreasonable risk of causing emotional distress which could lead to bodily harm or injury.
In Burns v. Intermagnetics General Corp., Civil Docket NO. N-85-152 (August 26, 1986) the U.S. District Court dismissed an unintentional infliction of emotional distress claim, concluding:
 Plaintiff has failed to introduce any evidence from which it can be inferred that defendant's conduct was so egregious that it should have realized that it was creating a risk of causing emotional distress. In essence, plaintiff argues that anytime an employer terminates an employee, negligence infliction of emotional distress has incurred. Such is not the law.
Slip opinion, p. 7.
Defendant's conduct was a reasonable response to theft in its workplace and was well within the bounds of acceptable behavior. "The employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability." Morris v. Hartford Courant Co., supra, at 679. CT Page 618
The third count of the complaint alleges that the plaintiff had an oral employment contract and a written employment contract by virtue of statements in the defendant's employment manual. In opposition to the Motion for Summary Judgment, the plaintiff has produced excerpts of his deposition testimony in which he states that various representatives of the defendant told him that he would have a job for life at the Hartford Courant Co. Under the law in Connecticut, an employment contract for an indefinite time period is terminable at the will of the employer. Slifkin v. Condec Corporation, 13 Conn. App. 538, 548, 538 A.2d 231
(1988); Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,475, 427 A.2d 385 (1980); Magnan v. Anaconda Industries Inc.,193 Conn. 558, 572, 479 A.2d 781 (1984). Evidence presented by the plaintiff establishes nothing more that he had a contract of employment for life, which is necessarily of an indefinite duration and, therefore, terminable at the will of the employer. Finley v. Aetna Life and Casualty Co.,202 Conn. 190, 197, 520 A.2d 208 (1987).
The plaintiff has also presented evidence of statements in an employee handbook which he claims constituted a contract of employment. The defendant has presented further excerpts of that employee handbook which contain an explicit disclaimer that the provisions of the handbook do not constitute contractual commitments. The first page of the employee handbook contains the following language:
 This handbook summarizes the Hartford Courant's major personnel policies and practices. The handbook and any of the statement's made herein are not to be construed as nor is it a contract between the Hartford Courant and its employees. Policies and practices are subject to change at the discretion of the Hartford Courant.
In Finley v. Aetna Life and Casualty Co., 202 Conn. 190,520 A.2d 208 (1987), the court stated that "By including appropriate disclaimers of the intention to contract, employers can protect themselves against employee contract claims based on statements made in personnel manuals."202 Conn. at 199, fn. 5. Inasmuch as the defendant's employee CT Page 619 handbook contains such a disclaimer, as a matter of law, the plaintiff cannot base his breach of contract claim on statements contained in the handbook.
The fourth count of the complaint alleges a breach of the implied covenant of good faith and fair dealing. Although Connecticut recognizes the implied covenant of good faith and fair dealing in employment contracts, the Connecticut Supreme Court has ruled that in terminable-at-will employment relationships, the breach of this covenant must be be based upon an "impropriety . . . derived from some important violation of public policy." Magnan v. Anaconda Industries, Inc., 193 Conn. 558, 572, 479 A.2d 781 (1984), quoting Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475,427 A.2d 385 (1980). Thus, "Absent a showing that the discharge involves impropriety which contravenes some important public policy, an employee may not challenge a dismissal based on an implied covenant of good faith and fair dealing." Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470-71, 528 A.2d 1137
(1987). In this case the plaintiff was an employee-at-will and his discharge did not contravene any important public policy. Therefore, under Magnan and Carbone the plaintiff cannot challenge his termination based on an implied covenant of good faith and fair dealing.
For the reasons set forth above, a summary judgment may enter in favor of the defendant on all counts of the complaint.
BY THE COURT Aurigemma, J.