[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#119)
Pursuant to Practice Book § 152, the defendants, the Journal Register Company, Geoffrey Moser and the Torrington Acquisition Corporation, have moved to strike the First Count of plaintiff Marsden Epworth's amended complaint dated November 10, 1994, for failing to state a legally sufficient claim upon which relief may be granted. Additionally, defendant Moser has moved to strike plaintiff's wrongful termination claim on the grounds that he is not plaintiff's employer.
In the First Count of plaintiff's amended complaint, she attempts to state a claim for wrongful discharge. The plaintiff alleges that she was a newspaper reporter for the Register Citizen. She further alleges that Geoffrey Moser was the publisher of the Register Citizen and was CT Page 1500 acting as the other defendants' agent.
The plaintiff alleges that she was terminated from her employment with the Register Citizen on March 21, 1994 because she had written an article published in the March 20, 1994 edition of the Register Citizen that cast the Journal Register in a bad light. The plaintiff further claims that the defendants falsely claimed in an April 21, 1994, front page article of the Register Citizen that the plaintiff's story had been inaccurate and that she had violated the most elemental rules of journalism.
The plaintiff claims, moreover, that the defendants actions violated community standards of decency, fairness and reasonableness, and that they violated the public policy underpinning Connecticut's law of defamation.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint.Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
 I.
"Wrongful discharge" is a cause of action recognized by Connecticut courts as a "narrow public policy exception to the general proposition that contracts of indefinite term of employment are terminable at will."Morris v. Hartford Courant Co., 200 Conn. 676, 678
(1986). A cause of action for wrongful discharge lies only where a plaintiff "can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id. at 679 (quoting Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 472, 427 A.2d 385 (1980)).[1]
 The Connecticut Supreme Court has expressly refused to enlarge the circumstances under which an at will employee may successfully challenge his dismissal beyond CT Page 1501 the situations where the reason for his discharge involves impropriety derived from some important violation of public policy. . . . [an at will] employee cannot sustain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based solely upon a discharge without just cause.
Morris v. Hartford, 200 Conn. at 679, n. 2 (citing Magnan) (emphasis supplied). Thus, whether or not an employee can demonstrate that his or her employer acted arbitrarily, capriciously, or unfairly is irrelevant to the question of whether or not the employee has a valid cause of action for wrongful discharge. Unless his or her termination from employment violated an important public policy of the State of Connecticut, a plaintiff has no valid claim for wrongful discharge.
Here, the only public policy plaintiff claims the defendants violated is that which underpins the law of defamation. The public policy against defamation, however, does not support the plaintiff's claim for wrongful discharge.[2] Plaintiff's attempt to state a claim for wrongful discharge under a defamation theory is unfounded. In essence, what plaintiff is claiming is that the defendants conspired to terminate plaintiff's employment so that they could subsequently proceed to defame her. Such a claim is legally insufficient.[3]
Moreover, plaintiff's theory presupposes that the plaintiff had a right to publish the article for which she allegedly was terminated. However, as this court already ruled in striking the plaintiff's original complaint, plaintiff had no right vis-a-vis the defendants to publish anything in the defendant's newspaper.[4] It would violate the defendants' free speech rights under the federal constitution if the state were to sanction them for controlling the content of their newspaper.[5] The defendants therefore were free, if they so desired, to terminate plaintiff's employment based on the article she had written.
II.
CT Page 1502
The plaintiff does not allege that defendant Moser was her employer. Instead, plaintiff alleges that she was an at will employee of the Register Citizen, a newspaper owned and controlled by defendants Journal Register Company and Torrington Acquisition Corporation. With respect to defendant Moser, the plaintiff alleges only that he was the publisher of the Register Citizen, and that he acted as the agent of the other defendants.
Because a cause of action founded upon the common law theory of wrongful discharge lies only against an employer, and not directly against any employer's agent, the plaintiff's claims against defendant Moser are insufficient as a matter of law.
 III.
For the reasons stated, the First Count of the plaintiff's amended complaint is stricken for failing to state a legally sufficient claim upon which relief may be granted.
PICKETT, J.