[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case, the plaintiffs have sued numerous CT Page 5415 defendants, including Mount Sinai Hospital, as a result of the death, shortly after birth, of their infant son Brian Stapleton. The Second and Fourth Counts are directed against the Hospital.
In the Second Count, which is brought on behalf of Susan Stapleton individually, the plaintiffs allege that, "[a[s a result of the death of Brian Stapleton, the plaintiff, Susan Stapleton, suffered grief, anguish, and depression along with emotional harm and suffering. . . ." Amended Complaint, Count II, § 20.
The Hospital now moves this Court to strike the Second Count on two essential grounds: (1) the cause of action stated in the Second Count is a claim for bystander emotional distress, which Connecticut does not recognize in the context of a medical malpractice action; and (2) even if the claim could properly be brought, the plaintiffs have failed to allege a prima facie case of negligent infliction of emotional distress.
 I
A motion to strike is the proper vehicle by which to contest "the legal sufficiency of the allegations of any Complaint, counterclaim or cross-claim, or any one or more of the counts thereof, to state a claim upon which relief can be granted." C.P.B. § 152(1). All facts alleged in the challenged pleadings are to be construed in the light most favorable to the pleader. Sheets v. Teddy's FrostedFoods, 179 Conn. 471, 472 (1980). Mere conclusions of law, however, in the absence of sufficient alleged facts to support them, are subject to a motion to strike. Mingachosv. CBS. Inc., 196 Conn. 91, 108 (1985).
 II
The defendant Hospital correctly argues that Connecticut does not recognize a cause of action for bystander emotional distress in the context of a medical malpractice action. Maloney v. Conroy, 208 Conn. 392
(1988). This, however, is not such a claim.
Here, the plaintiff is the mother who gave birth to the infant claimed to have died shortly after birth as a CT Page 5416 result of the negligence of the defendant Hospital and others in treating both her and her infant while the infant was in utero. The negligence here alleged is claimed to have taken place in the pre-labor period of the plaintiff's pregnancy and during labor itself, not thereafter. In the Court's view, this distinction is significant, for unlike a post-delivery act of negligence, to which the mother might appropriately be considered a mere bystander, the negligence here alleged was practiced directly upon the mother and her unborn child. Mother and child were thus the joint subject of the negligent care alleged, not separable entities, one of whom was a mere witness to the other's allegedly deficient medical treatment and resulting death.
Other judges of this Court have consistently differentiated between claims of emotional distress raised by mothers based on alleged negligence in the birthing process and those which are based on post-partum treatment of the child. Thus in Davis v. Mt. Sinai Hospital, No. CV 94 052 99 10, Superior Court at Hartford (January 31, 1995, Wagner, J.), the trial court disallowed a claim of negligent infliction of emotional distress where the negligence complained of by the plaintiff mother was the post-delivery burning of her infant child by overlong exposure to a heat lamp in a failed effort to treat the infant's diaper rash. In reaching this result, the Davis
Court recited a litany of cases recognizing "a distinction between claims for bystander recovery and claims for negligent infliction of emotional distress based on breach of a direct duty owed to the plaintiff mother by virtue of the physician-patient relationship." Id. at 3, citingStair v. Merdinolou, 2 Conn. L. Rptr 714 (October 30, 1990, Cioffi, J.). In cases allowing recovery, the Court observed,
 The injuries . . . took place at the birth of the injured minor plaintiff. In those cases the mother ha[d] a claim for damages because she [wa]s physically involved in the medical procedure and [wa]s owed a duty by the physician during this procedure. In this case, the plaintiff is asking the court to extend the doctrine in a CT Page 5417 situation where the negligent conduct occurred five days after the birth of the minor plaintiff, in a totally unrelated incident.
Id. at 3-4.
In Britton v. Borelli, 7 CLT 25 (Superior Court, June 5, 1981, Moraghan, J.), by contrast, the trial court found that a mother whose infant had been injured in the birthing process had a direct cause of action for negligent infliction of emotional distress against the physician who negligently caused the injury. "She is," said the Court, "not a mere eyewitness or bystander to an injury caused by another but rather she was the one to whom a duty was directly owed by the obstetricians and the one who was already directly injured by the physician's breach of that duty. . . . And certain it is that if she succeeds . . . in proving that the injury to her infant child was caused by the defendant's negligent act or omissions during her labor, then anxiety and emotional distress, suffered by her as a natural consequence of those wrongful acts, should be compensable as an element of damages under ordinary principles of negligence." Id. at 34 (as cited and quoted from in Shipp v. Norwalk Hospital, No. CV 90-0273423 S (Superior Court, February 20, 1991, Nigro, J.)).
In sum, the Court concludes that the instant claim is not an unlawful claim for bystander emotional distress in a medical malpractice case.
 III
Evaluated as a separate, free-standing claim for negligent infliction of emotional distress, the Second Count of the plaintiff's Amended Complaint can only survive the defendant Hospital's motion to strike if it alleges each essential element of that cause of action. As currently pleaded, it does not.
To state a cause of action for negligent infliction of emotional distress where the emotional distress is not claimed to have flowed from or to have accompanied some negligently caused physical injury, the plaintiff must plead and establish that: CT Page 5418
 the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it was caused, might result in illness or bodily harm.
Montinieri v. SNET, 175 Conn. 337, 345 (1978). Accord,Morris v. Hartford Courant, 200 Conn. 676, 683 (1986). In this case, however, no such allegation has yet been made. For that reason, the Second Count of the plaintiff's Amended Complaint must be stricken for failure to state a claim upon which relief can be granted. C.P.B. § 152(1).
Michael R. Sheldon, Judge