[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 26, 1996
Presently before the court is defendant's motion to strike.
On November 14, 1995, the plaintiff, Joseph D. Cuomo, filed a six-count second amended complaint against the defendant, Blue Cross Blue Shield of Connecticut, Inc. (BCBS). The plaintiff alleges the following facts. The plaintiff was an at will employee of BCBS and satisfactorily performed his duties as a custodian until he was wrongfully discharged from his employment. The plaintiff's discharge was based upon the false accusation CT Page 2895-DD that the plaintiff accessed the desk of a fellow employee in violation of company policy. The plaintiff has suffered emotional distress as a result of BCBS's wrongful discharge.
On January 11, 1996, BCBS filed a motion to strike the first, second, fourth, fifth and sixth counts of the plaintiff's second amended complaint. BCBS submitted a memorandum of law in support of its motion. The file does not contain a memorandum of law in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts alleged in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992).
The general rule in Connecticut is that "contracts of permanent employment, or for an indefinite term, are terminable at will." Coelho v. Posi-Seal International, Inc. 208 Conn. 106,118. The doctrine of wrongful discharge, a narrow exception to the general rule, holds that an employer may be liable for discharging an at will employee "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,475, 427. "Under the exception, the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant Co.,200 Conn. 676, 679. "Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception. We look to see whether the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . or whether he alleged that his dismissal contravened any judicially conceived notion of public policy." Antinerella v. Rioux, 229 Conn. 479, 492, Morrisv. Hartford Courant Co., supra, 200 Conn. 680. The Connecticut Supreme Court has held, however, that "[a] false but negligently made accusation of criminal conduct as a basis for dismissal is not a demonstrably improper reason for dismissal . . . and is not CT Page 2895-EE derived from some important violation of public policy." Morrisv. Hartford Courant Co., supra, 200 Conn. 680.
A cause of action for the infliction of emotional distress must establish: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." DeLaurentis v.New Haven, 220 Conn. 225, 266-67; Montinieri v. Southern NewEngland Telephone Co., 175 Conn. 337.
BCBS moves to strike the first count of the plaintiffs second amended complaint on the ground that "[t]he state Supreme Court expressly held that a false but negligently made accusation of criminal conduct is not a violation of important public policy, and thus, cannot support a claim of wrongful discharge. . ." BCBS cites Morris v. Hartford Courant Co., supra, 200 Conn. 680.
In opposition, the plaintiff argued at short calendar that the first count alleges a knowingly made, not negligently made, false accusation of misconduct. The plaintiff argued that the allegation that BCBS "knew or should have known" that the plaintiff did not access the desk of another employee is an allegation that the employer knowingly made a false accusation. The plaintiff argued that a discharge based upon an accusation the employer knows is false is a violation of important public policy. The plaintiff offered no legal authority to support his position.
The first count alleges the following. "The defendant knew, or should have known, that the Plaintiff did not access the desk of a fellow employee, but nevertheless accused him of it. The Defendant's conduct in terminating the Plaintiff is in violation of public policy against firing an employee based upon an accusation the employer knows or should have known is false, which action constitutes a wrongful discharge of the plaintiff from his employment."
The first count of the second amended complaint should be stricken because it does not allege a violation of an important public policy. Morris v. Hartford Courant Co., 200 Conn. 676,679-80. It does not allege that BCBS's discharge of the plaintiff violated any explicit statutory or constitutional provision and CT Page 2895-FF it does not allege that BCBS's action violated any judicially recognized notion of public policy.
BCBS moves to strike the second count of the plaintiffs second amended complaint on the ground that "[a]n allegation of criminal conduct made with reckless disregard of the truth or falsity of the accusation does not constitute a violation of important public policy as alleged in the second count."
The plaintiff argued at short calendar that BCBS's discharge of the plaintiff violates an important public policy. The plaintiff cites no authority for his argument.
The second count alleges that "[t]he Defendant, by its agents, servants or employees, accused the Plaintiff of misconduct with reckless disregard of the truth or falsity of the information. The Defendant's conduct in terminating the Plaintiff is in violation of public policy against firing an employee upon an accusation the employer knows or should have known is false, which action constitutes a wrongful discharge of the Plaintiff from his employment."
The second count of the second amended complaint should be stricken because the plaintiff has failed to cite and the court is unaware of any authority supporting a cause of action for reckless discharge of an employee based upon a false accusation of misconduct.
BCBS moves to strike the fourth count of the plaintiffs second amended complaint on the ground that "[t]he allegation . . . of reckless infliction of emotional distress is duplicitous . . . and also fails to state a claim upon which relief may be granted." The plaintiff did not address this argument at short calendar.
The fourth count incorporates the allegations from the third count and further alleges that BCBS "knew or should have known, the reckless conduct in terminating the Plaintiff created an unreasonable risk of causing emotional distress resulting in illness and bodily harm."
The fourth count of the second amended complaint should be stricken because it is repetitious of the third count which alleges intentional infliction of emotional distress. The allegation that BCBS was "reckless" in discharging the plaintiff CT Page 2895-GG is legally insignificant because Connecticut does not recognize a separate cause of action for reckless infliction of emotional distress.
BCBS moves to strike the fifth count of the plaintiffs second amended complaint on the ground that the fifth count fails to allege the necessary elements for a claim of intentional infliction of emotional distress. BCBS argues that the fifth count fails to allege that the plaintiff suffered severe emotional distress and that BCBS's conduct was extreme. The plaintiff failed to address this argument at short calendar.
The fifth count of the second amended complaint should be stricken because it fails to allege the elements necessary to plead a cause of action for emotional distress. The plaintiff does not allege any facts to demonstrate that BCBS's conduct was extreme and that the plaintiff suffered severe emotional distress.
BCBS moves to strike the sixth count of the plaintiffs second amended complaint on the ground that "[t]he sixth count . . . is merely duplicitous of the allegations of the fifth count." BCBS argues that the sixth count fails to allege that BCBS's conduct was extreme and that the plaintiff suffered severe emotional distress.
The sixth count of the plaintiff's second amended complaint should be stricken because it is repetitious. The sixth count incorporates the allegations of the second and fifth counts which have both been stricken for the reasons enumerated above. The sixth count should also be stricken.
Accordingly, the court strikes the first, second, fourth, fifth and sixth counts of the plaintiff's second amended complaint.
Fracasse, J.