[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REVISED MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
By memorandum of decision dated March 18, 1997, the court denied the defendant's (George D. Porto Plumbing and Heating, Inc.) motion to strike the First, Second, Third and Fourth counts of the plaintiff's revised complaint. On June 30, 1997, the court granted Porto Plumbing's motion to reargue the motion to strike as it related to the Second and Fourth counts only of the complaint. On July 28, 1997, the court heard additional argument on the motion to strike those counts. Upon reconsideration of the matter and for the reasons set forth below, the motion to strike the Second and Fourth counts is granted.
Porto Plumbing's claim in the motion to strike is that, as framed by the arguments of plaintiff's counsel, the second and fourth counts allege negligent infliction of emotional distress. Porto Plumbing asserts, however, that the complaint does not adequately allege this cause of action because it does not allege that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. In support of its claim that such an allegation is essential, Porto Plumbing relies on Morris v. Hartford CourantCo., 200 Conn. 676 (1986). The plaintiff, while acknowledging that the complaint does not allege the foreseeability language discussed above, nevertheless maintains that a broad reading of the pleadings covers the allegation.
It should be noted that this issue was not so sharply framed by the parties when the motion to strike was initially argued. Indeed, the focus of the defendant's claim then was that the plaintiff had mispleaded an action of bystander emotional distress.
The operative language in the Second and Fourth counts of the complaint is that "as a result of the negligence of the defendant's agents, servants and/or employees" the plaintiff suffered various types of damages including emotional and psychological trauma. This language is not adequate to meet the requirement of Morris that the plaintiff must plead and establish that the defendant should have realized that its conduct involved CT Page 9675 an unreasonable risk of causing emotional distress that, if caused, might result in illness or bodily harm. Morris v.Hartford Courant Co., supra, 200 Conn. 683.
Accordingly, the motion to strike the second and fourth counts only is granted.
Dated at New Haven, Connecticut this 26 day of August, 1997.
DEVLIN, J.