[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO STRIKE (DOCKETENTRY NO. 108)
The defendants have moved to strike count six of the plaintiffs' amended complaint, alleging negligent infliction of emotional distress, on the ground that the plaintiffs "have not alleged sufficient facts to conclude that the defendants' actions CT Page 11309 involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might have resulted in illness or bodily harm to either or both of the plaintiffs." (Motion to Strike.) In order to state a cause of action for negligent infliction of emotional distress, the plaintiffs must allege that the defendants should have realized that their conduct involved an unreasonable risk of causing emotional distress, and that that distress, if it were caused, mightresult in illness or bodily harm. Morris v. Hartford CourantCo., 200 Conn. 676, 683, 513 A.2d 66 (1986). The plaintiffs have alleged that "[t]he statements and actions of defendants described above constitute negligent conduct which the defendants should have realized would involve an unreasonable risk of causing emotional distress and that that distress might result in illness or bodily harm." (Amended Complaint, Count 6, ¶ 41.)
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). The plaintiffs here have alleged numerous facts in support of their allegations in paragraphs one through forty of count six. Among the facts alleged are that the defendants: accused the plaintiffs of "squatting" and stated that only people from the slums squat; contacted the plaintiffs' employers numerous times; asked the plaintiffs' employers to take up a collection so that the plaintiffs' family could afford alternative housing;[1] and informed the plaintiff Kumar that he was going to be fired. The plaintiffs further allege that as a result they have suffered "emotional distress, humiliation, embarrassment, ridicule, harassment, intimidation, loss of sleep, irritation,
inconvenience, anxiety, and fear of losing their jobs." (Emphasis added.) (Amended Complaint, Count 6, ¶ 42.)
The court must construe the facts in the complaint most favorably to the plaintiffs. Faulkner v. United Technologies,240 Conn. 576, 580, 693 A.2d 293 (1997). This includes the facts necessarily implied and fairly provable under the allegations.S.M.S. Textile Mills v. Brown, Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340, cert. denied,228 Conn. 903 (1993). The alleged actions of the defendants such as misleading and harassing the plaintiffs' employers were such that the defendants should have realized that there was an unreasonable risk of causing emotional distress which might cause illness or physical injury.[2] Accordingly, construing the CT Page 11310 facts alleged and necessarily implied most favorably to the plaintiffs, the motion to strike should be and is herebyDENIED.