[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant filed a motion to strike all nine counts of the complaint. The court will deal with these in the order they appear in the complaint.
Count #1. The plaintiff did oppose the granting of the motion with regard to Count #1. It is therefore stricken.
Count #2. The motion to strike Count #2 is granted. The facts alleged in this count are not so extreme or outrageous to give rise to a legally sufficient claim for intentional infliction of emotional distress as required. Peyton v. Ellis, 200 Conn. 243,254 (1983).
Count #3. The motion to strike is granted. The plaintiff has failed to allege facts that rise to the level of extreme and outrageous conduct in the manner in which it terminated the plaintiff. Morris v. Hartford Courant, 200 Conn. 681-683.
Count #4 is also stricken. The plaintiff has failed to allege facts from which a contract can be implied. Coelho v. Posi-SealInternational, Inc., 208 Conn. 112.
Count #5. The motion to strike is granted. All the elements of slander have not been alleged. The allegations do not describe any slanderous statement by the defendant, other elements of this cause of action are also absent. Kelly v. Bonney, 221 Conn. 549
(1993).
Count #6 and Count #7. The motion to strike is granted.
Count #8. The motion to strike is granted. The plaintiff must allege a nexus between his workers' compensation claim and his firing.
Count #9. This count is based on a stricken count and therefore must also be stricken.
Thomas V. O'Keefe, Jr., Judge CT Page 13988