[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AND OBJECTIONS THERETO CT Page 436
Count 1. The Motion to Strike is granted. Plaintiff has failed to identify any particular public policy affronted by his termination. Morris v. Hartford Courant, 200 Conn. 676 (1986).
Count 2. The Motion to Strike is denied. The plaintiff's reliance on the company's representation that plaintiff would not be unreasonably terminated and would be assured employment security constitutes an implied contract. Coelho v. Posi-Seal International, Inc., 208 Conn. 106 (1988).
Count 3. The Motion to Strike is denied. There are allegations of reliance on representations of the defendant that plaintiff would be terminated only for just cause. The legal sufficiency of this can only be determined after an evidential hearing. Coelho v. Posi-Seal International, Inc., 208 Conn. 196
(1988).
Count 6. The Motion to Strike is denied. The plaintiff has alleged that defendant manager should have realized that the plaintiff's emotional distress might result in illness or bodily harm. Montinieri v. Southern New England Telephone Company,175 Conn. 337, 341.
Count 7. Defendant claims Count 7 is barred by the Worker's Compensation Act because the alleged injury arose out of and in the course of plaintiff's employment. Although some of his emotional distress may have arisen out of the conditions of his employment, he has alleged that his emotional distress also arose out of his wrongful discharge. Accordingly, the court believes the Motion to Strike should be denied. Saporoso v. Aetna Life Casualty Co., 221 Conn. 356; Fulco v. Norwich Roman Catholic Diocesan Corporation, 27 Conn. App. 800.
Counts 4, 5 and 8. The Motions to Strike are granted by agreement.
Allen, J. CT Page 437