[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action sounding in wrongful termination of employment, the revised complaint dated December 8, 1992, containing six counts. Defendant has moved to strike the First, Second and Sixth Counts as well as plaintiff's claims for all attorney's fees with regard to each count except the Third Count. CT Page 5790
 I.
In the First Count of her revised complaint, the plaintiff alleges that the defendant's termination of the plaintiff's employment was wrongful and constituted a breach of the implied covenant of good faith and fair dealing in that the defendant employed illegal immigrants and aliens, prior to and subsequent to plaintiff's discharge, in violation of General Statutes 31-51k.
Defendant moves to strike the First Count on the grounds that federal law expressly preempts state law with regard to the employment of unauthorized aliens and the allegations do not amount to a breach of the duty of good faith and fair dealing under Connecticut law. With respect to the federal preemption ground, the plaintiff concedes that state regulation of employment of illegal aliens is preempted by8 U.S.C. § 1324a(h)(2). However, the plaintiff contends that, under Connecticut law, she has sufficiently stated a cause of action for breach of an implied covenant of good faith and fair dealing.
The traditional rule in Connecticut governing at will employment contracts of permanent employment, or employment for an indefinite term, is that such contracts are terminable at the will of either party without regard to cause. Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 117-18,544 A.2d 170 (1988); Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 562-63, 479 A.2d 781 (1984). There is only a "narrow public policy exception to the general rules governing the termination of an at will employment relationship." Carbone v. Atlantic Richfield Co., 204 Conn. 460,466-67 (1987).
The Connecticut Supreme Court has "recognized a common law cause of action in tort for the discharge of an at will employee `if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" (Emphasis in original). Carbone v. Atlantic Richfield Co., supra, 466-67, quoting Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 475, 427 A.2d 385 (1980). Similarly, the Supreme Court found that there could be a breach of the implied covenant of good faith and fair dealing where the reason for the discharge involves "impropriety . . . derived CT Page 5791 from some important violation of public policy." Magnan v. Anaconda Industries, Inc., supra, 572, citing Sheets v. Teddy's Frosted Foods, Inc., supra. "Whether a claim resulting from such a discharge is framed in tort or in contract should make no difference with respect to the issue of liability." Id. "[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy." Morris v. Hartford Courant,200 Conn. 676, 679, 513 A.2d 66 (1986). Plaintiff has not pleaded sufficient facts alleging that her dismissal occurred for a reason violating an important public policy. Even if the allegation that the defendant employed illegal aliens is true, such an allegation is not causally connected to the plaintiff's termination. Since the plaintiff has not alleged facts sufficient to support a claim for breach of the duty of good faith and fair dealing, defendant's motion to strike First Count is granted.
 II.
In the Second Count of her revised complaint, the plaintiff alleges that the defendant breached the implied covenant of good faith and fair dealing in violation of General Statutes 31-290a.
In Flores v. Santaro, 5 Conn. L. Rptr. 361 (November 26, 1991, Judge Allen stated:
 A violation of Section 31-290a, a statute obviously designed to protect claimants who file for benefits under one of this century's most socially ameliorative statutory programs, is in essence a statutorily created tort deriving from the common law action for wrongful discharge. Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 52 (1990). Thus, if the plaintiff is able to prove that he was discharged as a result of his filing a workers' compensation claim, he is protected by the provisions of Conn. Gen. Stat. Section 31-290a. There is no need for a corresponding common law cause of action.
CT Page 5792
In Flores, the court granted the motion to strike the corresponding common law cause of action. In the present case, the plaintiff, in count three, alleges a statutory cause of action for retaliatory discharge pursuant to General Statutes 31-290a. Defendant's motion to strike count two, the corresponding common law cause of action, is granted.
 III.
The defendant moves to strike count six, a claim for unintentional infliction of emotional distress, on the ground that the exclusivity provision of the Workers' Compensation Act prevents recovery. The Appellate Court recently held that a claim for unintentional infliction of emotional distress arising out of a discharge from employment was not barred by the exclusivity provision of the Workers' Compensation Act. Fulco v. Norwich Roman Catholic Diocesan Corporation, 27 Conn. App. 800, 808-10, cert. granted,223 Conn. 917 (1992). The motion to strike the Sixth Count must be denied.
 IV.
The defendant moves to strike the plaintiff's prayer for attorney's fees with regard to each count, except the Third Count, on the ground that it is legally insufficient. Absent contractual or statutory authorization, each party is responsible for its own attorney's fees; however, attorney's fees may be awarded as punitive damages in appropriate cases. Triangly Sheet Metal Works, Inc. v. Silver, 154 Conn. 116,127, (1966). "[P]unitive damages may be awarded only for `outrageous conduct, that is for acts done with a bad motive or with reckless indifference to the interests of others.' Restatement, 4 Torts 908. comment (b)." L. F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48 (1986), quoting Triangle Sheet Metal Works, Inc. v. Silver, supra, 128. The plaintiff must allege malicious and wanton misconduct which would justify an award of punitive damages. See L. F. Pace Sons, Inc. v. Travelers Indemnity Co., supra, 48-49. In the present case, except for the third count brought pursuant to General Statutes 31-290a which permits awards of attorney's fees, the plaintiff does not claim that there is any statute or contract provision which would entitle her to attorney's fees. Furthermore, the plaintiff does not claim that she is entitled to common law CT Page 5793 punitive damages nor does she, except in the third count, allege wilful, wanton or malicious conduct attributable to the defendant.
Accordingly, the prayer for relief requesting attorney's fees as to all counts, except the third count, is not proper.
Motion to Strike First and Second Counts and Request for Attorney's Fees, in prayer for Relief of all Counts except Third Count, is granted.
Motion to Strike Sixth Count denied.
Wagner, J.