[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OR DECISION
Plaintiff was employed in 1979 by defendant and gradually rose to the position of branch manager of the High Ridge office. His employment relationship with defendant was on an at-will basis. See Magnan v. Avaconda Industries, Inc.,193 Conn. 558; Coelho v. Posi-Seal International, Inc., 208 Conn. 106; D'Ulisse-Cupo v. Board of Directors of Notre Dame School,202 Conn. 206. It is significant that the employment manual given to all employees clearly provides that it "should not be considered in any way to create an employment contract or to guarantee employment, earnings or benefits." Nothing in the evidence establishes the manual as being part of the employment contract. There was no evidence that plaintiff's employment was anything but an at-will relationship from the time of his hiring to his termination in 1989. An implied contract depends upon an actual agreement between the parties based upon their mutual CT Page 7306 intentions in making the agreement.
In Magnan, supra, the court stated that an implied covenant of good faith and fair dealing cannot be based upon the absence of good cause of discharge. An at-will employee can only base his claim upon this principle of good faith and fair dealing when some important violation of public policy is involved. See Sheets v. Teddy's Frosted Foods, 179 Conn. 471,474; Carbone v. Atlantic Richfield Co., 204 Conn. 460, 470. Even a false but negligently made accusation of criminal conduct in Carbone was held not to be a demonstrably improper reason for dismissal and was not derived from some important violation of public policy. Morris v. Hartford Courant Co., 200 Conn. 676,680.
Plaintiff had the burden of proof to establish that he had worked on the Saturday mornings for which he filed vouchers, and the court finds that he failed to fulfill that burden. There were nine vouchers in question, and while plaintiff sought to establish he had worked on the days in question, the three customers who testified for him were not convincing as to the accuracy of their recollections. Further, Exhibit 3 is a detailed narration of what occurred on October 13, 1989, the day Cynthia Hubert, Area Manager, and Anna Marciano of defendant's Human Resources Department met with plaintiff.
The court finds that some or all of the vouchers involved were improper and did not accurately reflect the days plaintiff claimed he worked. On the other hand, statements made by Ms Hubert and Ms Marciano were correct as set forth in Exhibit 3 and Ms Hubert's testimony. On this basis, there was no libel or slander involved because the statements disclosed by Exhibit 3 concerning the plaintiff's submission of the vouchers were truthful. Restatement of Torts 2d 581A.
In addition, their statements were made under a qualified privilege. They were made in good faith, as bank officials they had an interest to be upheld, their statements were limited in their scope to this purpose on a proper occasion and publication was made in a proper manner to proper parties. The court finds there was no malice, actual or otherwise, involved in the statements made. See Terry v. Hubbell, 22 Conn. Sup. 248,256; 50 Am. Jur.2d 273, Libel and Slander.
Plaintiff's counsel did the best he could with a difficult CT Page 7307 problem of proof.
Judgment may enter in favor of the defendant.
BY THE COURT
GEORGE A. SADEN STATE TRIAL REFEREE