[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#119)
Pursuant to Practice Book § 152, the defendants, the Journal Register Company and the Torrington Acquisition Corporation, have moved to strike the plaintiff's amended complaint dated November 10, 1994, in its entirety for failing to state a legally sufficient claim upon which relief may be granted.
In her amended complaint, the plaintiff, Dolores Laschever attempts to state a claim for wrongful discharge. The defendants claim that the plaintiff fails to state a legally sufficient claim, however, because (i) she fails to allege facts warranting a finding that she was discharged; rather, plaintiff quit her job of her own volition; and (ii) the defendants' actions, as matter of law, did not violate important public policy. CT Page 1495
In her amended complaint the plaintiff attempts to state a claim for wrongful discharge. The plaintiff alleges that she was a newspaper editor and reporter for The Register Citizen, and that the defendants generally gave her discretion with respect to the newspaper's editorial page content. The plaintiff further alleges that Geoffrey Moser was the publisher of the Register Citizen and was acting as the defendants' agent.
The plaintiff alleges that she resigned from her employment with the Register Citizen because "her working conditions had become intolerable." Specifically, plaintiff alleges that her working conditions became "intolerable" because the defendants allegedly (i) caused Marsden Epworth, a newspaper reporter for the Register Citizen, to be fired for writing an article critical of the newspaper; (ii) falsely told plaintiff that Elizabeth Healy, an editor with the Register Citizen who allegedly had resigned in protest over Epworth's firing, was leaving "for personal reasons"; (iii) falsely told plaintiff that Epworth's article was erroneous; and (iv) refused to allow plaintiff to publish any letters to the editor regarding the Epworth matter.
The plaintiff claims, moreover, that her "constructive discharge: violates the public policy of this state in that she allegedly was "forced, as a condition of her continuing to be employed," into complicity with the defendants alleged scheme to wrongfully terminate and defame Epworth.
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of a complaint.Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings.Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
 I.
Plaintiff's claim is insufficient as a matter of law because plaintiff has failed to allege facts establishing that she was constructively discharged from her CT Page 1496 employment with the Register Citizen. "Normally, an employee who resigns is not regarded as having been discharged, and thus would have no right of action for abusive discharge." Seery v. Yale-New Haven Hospital,17 Conn. App. 532, 540 (1989). The doctrine of constructive discharge allows an employee to recover where her resignation was "in reality, a dismissal by her employer" that violated public policy. Id. Thus, a claim for constructive discharge lies only where the employer's actions render the plaintiff's working conditions so objectively "difficult and intolerable that a reasonable person would feel forced to resign." Id. An employee's "subjective opinion" that the job conditions have become intolerable is legally insufficient. Id.
Here the plaintiff's conclusory allegation that "her working conditions had become intolerable," unsupported by specific factual allegations of conditions warranting a conclusion that her conditions of employment had become objectively intolerable, fails to state a legally cognizable claim. In short, not being allowed to publish certain letters to the editor concerning the Epworth matter does not constitute an objectively intolerable condition of employment.
 II.
"Wrongful discharge" is a cause of action recognized by Connecticut courts as a "narrow public policy exception to the general proposition that contracts of indefinite term of employment are terminable at will."Morris v. Hartford Courant Co., 200 Conn. 676, 678
(1986). A cause of action for wrongful discharge lies only where a plaintiff "can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Id. at 679 (quoting Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 472, 427 A.2d 385 (1980)).[1]
The Connecticut Supreme Court has
 expressly refused to enlarge the circumstances under which an at will employee may successfully challenge his dismissal beyond the situations where the reason for his CT Page 1497 discharge involves impropriety derived from some important violation of public policy. . . . [an at will] employee cannot sustain a cause of action in contract for breach of an implied covenant of good faith and fair dealing based solely upon a discharge without just cause.
Morris v. Hartford, 200 Conn. at 679, n. 2 (citing Magnan) (emphasis supplied). Thus, whether or not an employee can demonstrate that his or her employer acted arbitrarily, capriciously, or unfairly is irrelevant to the question of whether or not the employee has a valid cause of action for wrongful discharge. Unless his or her termination from employment violated an important public policy of the State of Connecticut, a plaintiff has no valid claim for wrongful discharge.
Here, the only public policy plaintiff claims the defendants violated is that which underpins the law of defamation. The public policy against defamation, however, does not support the plaintiff's claim for wrongful discharge. Indeed, plaintiff's attempt to state a claim for wrongful discharge under a "conspiracy to defame Epworth" theory is unfounded. In essence, what plaintiff is claiming is that the defendants conspired to terminate and defame Epworth and that they forced the plaintiff to resign in order to accomplish their goal of defaming Epworth.
Moreover, the plaintiff's theory presupposes that the plaintiff would have had a right to prevent the alleged defamation of Epworth, i.e., that she would have been able to control the newspaper's content, if she had continued her employment with the Register Citizen. However, as this court already ruled in striking the plaintiff's original complaint, plaintiff had no right vis-a-vis the defendants to control the content of the defendant's newspaper.[2] Indeed, Connecticut could not have a public policy of preventing, a priori, newspaper owners or publishers from controlling the content of their newspaper because such a policy would be unconstitutional.[3] Thus, the plaintiff's claim that the defendants constructively discharged her so that they could defame Epworth, and that her discharge therefore CT Page 1498 violated public policy as set forth in the state's law against defamation, fails as a matter of law.
Moreover, to the extent Connecticut has a public policy against defamation, the law of defamation, not the law of wrongful discharge, provides the appropriate judicial remedy. If Epworth was defamed, then Epworth, not plaintiff, is the individual with standing to hold the defendants accountable for such defamation. The plaintiff has no standing, as a matter of law, to bring a claim for defamation of Epworth under the guise of wrongful termination.
 III.
For the reasons stated, the plaintiff's entire complaint is stricken for failing to state a legally sufficient claim upon which relief may be granted.
PICKETT, J.