[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 21, 1995, the plaintiff, Richard Jason Lund, Sr., filed a second revised four count complaint against the defendant, Stern Company, Inc. ("Stern"), alleging breach of employment contract, breach of the implied covenant of good faith and fair dealing a violation of General Statutes § 31-51m(b) and negligent infliction of emotional distress.
Stern moved to strike count four, which alleges negligent infliction of emotional distress, for "failure to state a claim upon which relief can be granted because Plaintiff has failed to allege conduct on the part of Defendant concerning the manner of his discharge which can, as a matter of law, be characterized as unreasonable." The plaintiff filed a memorandum in opposition to the motion to strike, and the defendant filed a reply brief.
A motion to strike tests the legal sufficiency of the pleadings. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,
CT Page 4538224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id. "The court must construe the facts in the complaint most favorably to the plaintiff." Id.
In his second revised complaint, the plaintiff claims that the subsequent loss of insurance benefits following termination is the basis for his negligent infliction of emotional distress claim. Negligent infliction of emotional distress in the employment context arises only where it is "based upon unreasonable conduct of the defendant in the termination process." Morris v. Hartford Courant Co., 200 Conn. 676, 681-82,513 A.2d 66. See also, Dunn v. NPH Healthcare Products, Inc.,
Superior Court, Judicial District of New London, August 24, 1994, Leuba, J.).
The plaintiff has not alleged any unreasonable conduct occurring at the time of the discharge. Where the allegations fail to establish that the "meeting or any other aspect of the actual discharge was done in an inconsiderate, humiliating or embarrassing manner, [t]he mere fact of termination . . . does not give rise to a claim for unintentional infliction of emotional distress." Leniart v. CS Distributors, Inc., Superior Court, Judicial District of Hartford, January 21, 1994, Corradino, J.). Accordingly, the defendant's motion to strike count four is granted.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT