[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT WINDSOR BOARD OF EDUCATION'S MOTIONTO STRIKE AND DEFENDANT JAMES BISHOP'S MOTION TO STRIKE
On April 8, 1993, Chijioke Obi Nwankpah ("the Decedent "), a senior at Windsor High School, was fatally wounded during an altercation with the defendant, Ronald Scott Rivers. The weapon used by Ronald Scott Rivers, a knife, was provided by the defendant, Sheldon Bishop. This altercation between the Decedent and Ronald Scott Rivers occurred at the LP Wilson Community Center ("the Center") in Windsor, Connecticut. The Center is owned by the Windsor Board of Education. CT Page 3926
On April 7, 1995, the plaintiffs, Godwin and Rhoda Nwankpah, filed a revised eighteen-count complaint against six defendants : Ronald Scott Rivers; Ronald Rivers, the father of Ronald Scott Rivers; Sheldon Bishop; James Bishop, the father of Sheldon Bishop; Windsor Board of Education; and Shirley LaValley and Rainbow Bus Lines. The plaintiffs allege that on April 8, 1993, prior to the altercation, both during the morning trip to school and the afternoon trip from school, there were disturbances between the Decedent and Ronald Scott Rivers and James Bishop. These alleged disturbances occurred on Bus No. 45WH, driven by Shirley LaValley. Shirley LaValley is employed by Rainbow Bus Lines.
On December 8, 1995, the Windsor Board of Education filed a motion to strike Count Fourteen of the plaintiffs' revised complaint, alleging negligent infliction of emotional distress. On the same date, the Windsor Board of Education filed a memorandum in support of its motion to strike.
On December 27, 1995, James Bishop filed a motion to strike Count Eleven of the plaintiffs' revised complaint, which they contend sets forth claims for negligent infliction of emotional distress and loss of filial consortium. However, Count Eleven only sets forth a claim for negligent infliction of emotional distress.
On December 27, 1995, James Bishop filed a memorandum in support of his motion to strike. Regarding the claim for negligent infliction of emotional distress, James Bishop adopts the arguments set forth by the Windsor Board of Education. Therefore, James Bishop's argument in his memorandum in support of his motion to strike addresses only whether Connecticut recognizes a cause of action for loss of filial consortium. As Count Eleven does not allege a claim for loss of filial consortium, this argument will not be addressed.
The motion to strike tests the legal sufficiency of a pleading. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). For example, the motion to strike "contest [s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOCCT Page 3927Group. Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). See also Practice Book § 152.
The motion to strike "admits all facts well pleaded. "RK Constructors. Inc. v. Fusco Corp., supra, 231 Conn. 383
n. 2. The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Yale University v. Wurtzel, Superior Court, judicial district of New Haven, Docket No. 275314 (April 9, 1991, Mihalakos, J., 3 Conn. L. Rptr. 520, 521). Therefore, the court "cannot look beyond the complaint for facts not alleged." Robert S. Weiss Associates. Inc. v.Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1988). Accordingly, if a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted," the motion to strike must be granted. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
A. Negligent Infliction of Emotional Distress
In Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978), the Connecticut Supreme Court first recognized a cause of action for negligent infliction of emotional distress. The Connecticut Supreme Court held that a plaintiff's recovery under this theory "does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Id. The Connecticut Supreme Court has "concluded, however, that the plaintiff does have the burden of pleading and establishing' that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm.'" Morris v. Hartford Courant Co.,200 Conn. 676, 684, 513 A.2d 66 (1986).
(1) Count Eleven — Defendant James Bishop
In Count Eleven, directed at James Bishop, the plaintiffs allege that Sheldon Bishop "resided with, and was under the custody, control and care of, his parent, Defendant James Bishop." (Plaintiffs' Revised Complaint, Count Three, ¶ 3). The plaintiffs further allege that CT Page 3928 James Bishop "knew, or should have known, that his conduct involved an unreasonable risk of causing emotional distress to the parents of the Decedent and that said conduct breached a duty owed to the plaintiffs." (Id., Count Eleven, ¶ 6). The plaintiffs claim that James Bishop's conduct caused them to suffer emotional and physical injuries. (Id., ¶ 7).
However, in Count Eleven which incorporates by Reference Paragraph 1 through 5 of Count IV the plaintiffs do not allege any action on the part of James Bishop. In fact, the plaintiffs' sole factual allegation is that James Bishop resided with and had custody and control of his son, Sheldon Bishop. This fact alone does not support a cause of action for negligent infliction of emotional distress. Therefore, in Count Eleven, the plaintiffs fail to state a claim upon which relief can be granted. Accordingly, James Bishop's motion to strike Count Eleven of the plaintiffs' revised complaint is granted.
(2) Count Fourteen — Defendant Windsor Board of Education
In Count Fourteen, the plaintiffs allege that on April 8, 1993, the driver of Bus No. 45WH, Shirley LaValley, "was acting within the scope of her employment as an agent or employee of Defendant Windsor Board of Education . . . pursuant to the Defendant Board's policies, regulations and/or procedures regarding bus transportation." Plaintiffs's Revised Complaint, Count Seven, ¶ 1). The plaintiffs allege that Shirley LaValley knew, or should have known of the alleged disturbances between the decedent and Ronald Scott Rivers and Sheldon Bishop. (Id., ¶ 4). The plaintiffs allege that although Shirley LaValley had an "explicit and/or implicit responsibility to report the disturbances to school authorities [,]" neither Shirley LaValley nor her employer, Rainbow Bus Lines, reported the disturbances to school authorities. (Id., ¶¶ 5-6).
Based on the foregoing, the plaintiffs allege that the Windsor Board of Education "was negligent in one or more of the following ways: (a) In that it failed to exercise utmost care consistent with the nature of its business; (b) In that the Defendant Board failed to adequately train Defendant LaValley as to her duties and responsibilities; (c) In that the Defendant Board failed to demand of CT Page 3929 Defendant Rainbow that it adequately train Defendant LaValley as to the policies, regulations and/or procedures of the Board and the duties and responsibilities of Defendant LaValley; and (d) In that the Defendant Board failed to properly supervise Defendants LaValley and Rainbow." (Id., ¶ 7). Therefore, the plaintiffs allege that the Windsor Board of Education "knew, or should have known, that its conduct involved an unreasonable risk of causing emotional distress to the [plaintiffs]." (Id., Count Fourteen, ¶ 8). The plaintiffs further allege that the Windsor Board of Education's conduct caused the plaintiffs to suffer emotional and physical injuries.
The plaintiffs' conclusory allegation that the Windsor Board of Education was negligent does not, with the facts surrounding such allegation, support a claim for negligent infliction of emotional distress against the Windsor Board of Education. Specifically, the plaintiffs have not sufficiently demonstrated how the Windsor Board of Education's act or omission caused them to suffer emotional distress. As such, the allegations in Count Fourteen, if proven, do not support a claim for negligent infliction of emotional distress on the part of the Windsor Board of Education. Accordingly, the Windsor Board of Education's motion to strike Count Fourteen of the plaintiffs' revised complaint is granted.
M. Hennessey, J.