[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Buddington Park Condominium Association, Inc., Laurence Frattini, and Lynn Farrell, sued landowner, Wal-Mart Stores, Inc., construction manager Boston Development Associates, general contractor Dalling Construction, Inc., and Blast Tech Inc. alleging that Wal-Mart owns land adjacent to Buddington Park. The plaintiffs further allege that commencing in CT Page 496-Q September 1995, site blasting by defendant Blast Tech caused "explosions, concussions, and vibrations" which, in turn, damaged foundations, tile work, floors and sheetrock in several of the condominium units and the swimming pool.
The defendants now move to strike the third count contending that the plaintiffs did not plead the necessary elements for a claim alleging either intentional or negligent infliction of emotional distress.
In order to establish a claim for intentional infliction of emotional distress, it must be alleged: (1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his or her conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337 (1986). All four elements must be pleaded in order to survive a motion to strike. In the present case, the plaintiffs pled that "the defendants' rock removal activities and resulting concussions and vibrations of the earth have caused great annoyance, discomfort, anxiety, stress, emotional stress and property damages to the plaintiffs." Because they did not plead all four elements, they have failed to state a claim for intentional infliction of emotional distress. CT Page 496-R
The court will now examine whether the complaint could suffice to set out a cause of action for the negligent infliction of emotional distress although "[R]ecovery for unintentionally caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact."Montinieri and Telephone Co., v. Southern New England Telephone Co.,175 Conn. 337, 345, 398 A.2d 1180 (1978), the plaintiff nonetheless does have the burden of pleading and proving that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if it were caused, might result in illness or bodily harm. Buckman v. Peopleexpress, Inc. 20 Conn. 166, 173, 530 A.2d 596 (1987); MorrisHartford Courant Co., 200 Conn. 676, 513 A.2d 66 (1986). Since the complaint doesn't set out these elements either, it doesn't plead negligent infliction. Therefore, the court grants the motion to strike the third count for failure to state a legal claim for either intentional or negligent infliction of emotional distress.
FLYNN, J.