[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE: MOTION TO STRIKE
Defendant Bridgeport Hospital moves to strike the third, fourth and fifth counts of Plaintiff Debra Anne Hearn's complaint on the grounds these counts do not allege causes of action. See Practice Book § 152(1). For the reasons stated below, the motion is granted.
The plaintiff alleges that she suffered financial losses when the defendant hospital discharged her from employment. She seeks compensation for lost wages, moving expenses, and employment benefits such as vacation and retirement pay. In the first count of her complaint, the plaintiff alleges that she was employed pursuant to a written contract, that she was directed to take a written examination, and that she was discharged when she did not pass the test. She claims her discharge was a breach of the employment contract because she was never informed that passing a written test was a condition of employment. In the second count, the plaintiff alleges that she relied on representations made by the hospital when it offered her employment and that she relied on these representations when she moved from Canada to this area to take employment with the hospital. Because of the representations and her reliance, she claims the hospital is estopped from denying the existence of an express or implied employment contract. Again, she alleges the hospital breached the contract when it discharged her. In the third count, the plaintiff alleges the hospital breached a covenant of good faith when it discharged her after she failed to pass the written test, which she alleges was an undisclosed job qualification. In the fourth count, the plaintiff claims she was harmed by the hospital's "innocently or negligently" making misrepresentations to her. In the fifth count, the plaintiff alleges the hospital inflicted emotional distress upon her.
In its motion to strike, the Hospital contends the third count is insufficient because "the concept of good faith and fair dealing; does not apply. . . ." (Plaintiff's brief at p. 4) The plaintiff, on the other hand, claims that the "covenant of good faith and fair dealing" is an "obligation" that exists in all contracts and that she has properly apprised the defendant that she bases a claim on a violation of this obligation. In a general CT Page 8000 sense, a covenant is a binding promise the breach of which may be enforced by the promisee. The plaintiff appears to be applying the good faith requirement in this sense and is seeking damages under the theory the defendant breached the contract in bad faith. Under this theory, the plaintiff would in effect receive an award for punitive damages for a bad faith breach of the contract. Such an award would be contrary to our common law. In the context of employment contracts, the "covenant" has a different meaning. "[I]t is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 567 (1984). Usually, the obligation that a party exercise good faith in the performance of a contract is applied to limit the discretionary powers that a party possesses under the terms of a contract. Without a good faith limitation, a party in possession of a discretionary power that has no practical limitation could take away from the other a substantial proportion of the value of the agreement. See CentronicsCorporation v. Genicom Corporation, 132 N.H. 133, 562 A.2d 187
(1989) (Souter, J.); Burton, "Breach of Contract and the Common Law Duty to Perform in Good Faith," 94 Harv. L. Rev. 369 (1980). The plaintiff has not alleged the defendant abused a specific discretionary power granted the hospital under the contract. "[A] breach of such an implied covenant cannot be predicted simply upon the absence of good cause for a discharge." Magnan v.Anaconda Industries, Inc., supra at 571. The third count is insufficient and must be stricken.
The motion to strike the fourth count is granted. The court assumes the plaintiff will amend this count, as stated in plaintiff's brief, by omitting the "innocently" alternative.
The motion to strike the fifth count is granted. The plaintiff has not sufficiently alleged a claim for unintentional infliction of emotional distress. What is lacking is an allegation that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might resultin illness or bodily harm." Morris v. Hartford Courant Co.,200 Conn. 676, 683 (1986).
The motion to strike is granted.
THIM, JUDGE CT Page 8001