[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DECISION ON MOTION TO STRIKE (#103)
Count One
The plaintiff alleges that she was employed for an indefinite term with an expectation that she would not be unfairly terminated. There is nothing in this count to indicate that the plaintiff was anything other than an at will employee. As such, she is required to plead facts which if proved would constitute a violation of public policy. Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 568-569 (1984).
The alleged grounds for termination are found in paragraph 11 of the complaint. None of these reasons are demonstrably improper reasons for dismissal and therefore do not derive from some important violation of public policy. Morris v. Hartford Current,Co., 200 Conn. 676, 680 (1986). This count is stricken.
Count Two
Stricken for the reason that it fails to allege facts which if proved, would satisfy the essential elements of a cause of action for intentional infliction of emotional distress, all as CT Page 5420 set forth in DeLaurentis v. New Haven, 220 Conn. 225, 266-67
(1991).
Count Three
Stricken for the reason that the plaintiff alleges nothing more than that the defendant wrongfully terminated the plaintiff and that the defendant should have known that its conduct in doing so involved an unreasonable risk of causing mental and emotional distress. This allegation falls short of the requirements for a cause of action for negligent infliction of emotional distress in an employment context. Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 88 (1997).
Count Four
Stricken for the same reason as count one.
MOTTOLESE, JUDGE