[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The primary issue raised in this motion for summary judgment is the scope of the "termination process" in the context of alleged constructive discharge. The holding of Perodeau v. Hartford, 259 Conn. 729 (2002), is that the tort of negligent infliction of emotional distress is, in the employment context, actionable only in the context of termination of employment as opposed to the continuing employment context. Where constructive discharge is claimed, such that conditions of employment allegedly were so oppressive that the only reasonable option was to quit, does the termination of employment merge into the conditions of ongoing employment?
The facts underlying this motion for summary judgment are relatively straightforward. The plaintiff Jill Michaud was hired by the defendant insurance agency in December, 1999. She became a full time employee in April, 2000, and was registered as an agent in June, 2000. At some point during the employment relationship the owner of the agency made a lascivious comment about her to a client[1]. The comment later was related to her by another employee. The office manager, Marilena Parenteau, told the plaintiff on several occasions that the only reason she kept her job was that she was sexually attractive to the owner; this observation was conveyed in somewhat vulgar terms.[2] On May 22, 2000, the plaintiff wrote a note to Joseph Proud, the owner, and complained about the remarks. After receiving the letter, Proud disciplined Parenteau; the plaintiff nonetheless believed that she was the subject of retaliation for her complaint because she had her hours reduced and her job performance was unfairly evaluated and criticized.
Michaud apparently had a history of a psychiatric condition and I accept as true for the purpose of this decision that Proud was aware of the difficulties. On June 30, 2000, Michaud's gynecologist, Dr. Albini, wrote a letter to Proud in which he stated that Michaud had recently presented with symptoms which he believed were "induced from circumstances involving her employment." He recommended that she stop working "until a CT Page 12462 satisfactory resolution of her work environment can be achieved." This letter was received by Proud by fax on July 5, 2000. Ms. Michaud never returned to work after July 5, 2000. Proud sent a letter to Michaud on July 11, 2000, which stated that if she did not show up for work on July 17, 2000, he would consider that she had resigned. He also stated that because she had not notified the office by 9:00 a.m. on days she did not appear at work, she had violated workplace rules.[3] She did not show up for work. On July 17, Proud sent Michaud a second letter saying that he assumed she had resigned; he sent her paycheck and requested that she return her keys.
In this action, the plaintiffs first count, which is the only count attacked in this motion for summary judgment, is grounded in negligent infliction of emotional distress. The defendants have filed the instant motion for summary judgment. Stated simply, the defendants' position is that Perodeau bars any claim for emotional distress which does not arise out of patently unreasonable conduct in the termination process, and the claim in this case is therefore barred. The plaintiff claims that the employer in effect terminated her by its course of conduct extending virtually through the employment relationship, and the scope of the "termination process" is at least an issue of fact to be determined by the finder of fact. The plaintiff also claims that the finder of fact could find that the conduct is in any event unreasonable enough to satisfy the requirements of Perodeau. Although I note that both positions were very ably argued and briefed, I find that Perodeau and its predecessors require that summary judgment be granted as to count one.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
The tort of negligent infliction of emotional distress has been recognized relatively recently in Connecticut. In Montimeri v. SouthernCT Page 12463New England Telephone Co., 175 Conn. 337, 345 (1978), our Supreme Court allowed recovery for unintentionally caused emotional distress if the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that the distress, if caused, might result in illness or bodily harm. Morris v. Hartford Courant Co.,200 Conn. 676, 678-82 (1986), concluded that even if a discharge were not wrongful, a former employee could conceivably maintain an action for negligent infliction of emotional distress based on unreasonable conduct of the employer in the termination process.
Parsons v. United Technologies Corp., 243 Conn. 66 (1997), held that a wrongful termination itself did not constitute negligent infliction of emotional distress; rather, the tort occurs, in the employment context, only when it is "based upon unreasonable conduct of the [employer] in the termination process." Id., 88. The mere act of firing an employee, even if wrongful, does not "transgress the bounds of socially tolerable behavior." Id., 89.
Perodeau, supra, resolved the split in the trial courts as to whether the action of negligent infliction of emotional distress was confined to conduct occurring in the termination process or whether it could be brought to redress conduct occurring during the course of the employment relationship. Although holding that prior authority did not necessarily compel the conclusion that the action was confined to conduct in the termination process, the court nonetheless concluded that the tort should be so limited for policy reasons. The court stated that employees should expect that some experiences in the employment relationship will be quite stressful, and that business decisions ought not be made on the basis of fear of being sued. Where the employment relation is ongoing, the chilling effect is significant. Where the relationship is in the process of termination, however, the threat of a lawsuit is not likely improperly to influence the conduct of others. The court wanted to avoid a torrent of unjustified actions, and recognized that few jurisdictions allow unfettered actions for negligent infliction of emotional distress in the employment context. Perodeau, supra, 757-62. Perodeau concluded by holding that a person "may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id., 762-63.
The issue in this case, then, is whether there is a genuine issue of fact as to whether conduct alleged to be wrongful occurred in the termination of employment. For the purpose of this decision, I assume but by no means decide that conduct prior to Ms. Michaud's physically absenting herself from the job was actionable as socially unacceptable CT Page 12464 and satisfied the other necessary elements. It is clear that the conduct of the employer after Michaud left was, although arguably "wrongful" in misinterpreting language regarding reporting absences,[4] not unreasonably likely to cause emotional distress in itself: the letters were business-like and straightforward. The letters were the only contact, and there have been no facts presented of any other conduct of the employer after Ms. Michaud left. The conduct of the employer was surely no more unreasonable than that of the employer in Parsons, who abruptly caused the employee to be escorted out of the premises. I find that there is no genuine issue as to the conduct of the employer after Ms. Michaud left, and that it does not rise to the prohibited level of intolerable behavior creating an unreasonable risk of emotional distress.
The more interesting issue is the applicable time frame. The plaintiff suggests that because the claim is constructive discharge, the termination process in effect extends through much of the course of the employment relationship, so that it is impossible to draw a bright line between conduct occurring in the course of the employment relationship and conduct occurring in the termination of employment. There would, therefore, be a question of fact as to whether impermissible conduct occurred within the continuing employment context or in the termination of employment. I do not find that Perodeau and its predecessors should be read so broadly or permissively.
First, the language of Perodeau itself is restrictive. The holding is phrased narrowly: the tort is maintainable only for "conduct occurring in the termination of employment". Language such as conduct in the "discharge process" is not used; such language perhaps would contemplate a more expansive time frame. Conduct justifying the termination, or, on the other hand, compelling the resignation, is not itself the actual termination. Termination means the ending[5], not the conduct which causes the ending. When one analyzes the policy reasons underlyingPerodeau, one sees that conduct taking place within the employment relationship, even if wrongful and providing the basis for the claim of unlawful discharge, cannot provide the factual predicate for the emotional distress claim. If the actual termination is conducted wrongfully, then the action may lie. If the termination could be said to permeate the entire course of employment, then the reasoning of Perodeau
would be hollow indeed.
Parsons v. United Technologies Corp., supra, is consistent with this reasoning. Parsons, a helicopter trainer, received several memoranda in the period from September 11 to September 13, 1990, directing him to go to Bahrain to train a customer. The Gulf War was almost underway, and as CT Page 12465 a result of Operation Desert Shield the State Department issued a travel advisory regarding the area on September 13. On September 18, Parsons sent a memo indicating that he would not go to Bahrain because of health and safety concerns. Within two hours he was terminated and escorted out of the building.
The "termination process" discussed in Parsons was limited to the two hour period on September 18 when Parsons was actually terminated, and it was held that the no-nonsense approach, if abrupt, was not at all unreasonable. Id., at 243 Conn. 88-89. Perhaps significantly, there was no discussion in this section of the case about the context of the dispute: only the actual termination mattered.
The principles of Perodeau and Parsons as applied to this case compel the conclusion that the termination began, at the earliest, at the time Michaud physically left the employment.[6] Further, there are no facts suggested by the plaintiff that would support the conclusion that there was any negligent infliction of emotional distress after the time of physical separation. Summary judgment may enter, then, as to count one of the complaint.
Beach, J.