**Jeffrey JORDAN, Plaintiff–Appellant,**

v.

**UNITED STATES of America DEPARTMENT OF TREASURY, Defendant–Appellee.**

**No. 08–2551–cv.**

United States Court of Appeals, Second Circuit.

June 8, 2009.

Kenneth A. Votre, Votre & Associates, P.C., New Haven, CT, for Plaintiff–Appellant.

David Nelson, Assistant United States Attorney (Lauren M. Nash, William J. Nardini, of counsel), for Nora R. Dannehy, Acting United States Attorney for the District of Connecticut, New Haven, CT, Defendant–Appellee.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Jeffrey Jordan appeals from a judgment entered August 9, 2007, granting Defendant-appellee's motion for summary judgment. Jordan brought claims under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for intentional infliction of emotional distress, reckless infliction of emotional distress, and negligent infliction of emotional distress by his former supervisors at the Internal Revenue Service ("IRS"). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo*. *Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir.2006). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

We conclude that the district court did not err in granting summary judgment in this case. Under Connecticut law, a

plaintiff alleging intentional infliction of emotional distress must show that: (1) the defendant intended to inflict emotional distress or knew or should have known that it would result; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff's distress; and, (4) the plaintiff's resulting emotional distress was severe. *Petyan v. Ellis*, 200 Conn. 243, 510 A.2d 1337, 1342 (1986), *superseded by statute on other grounds as recognized in Chadha v. Charlotte Hungerford Hosp.*, 272 Conn. 776, 865 A.2d 1163 (2005). Jordan presented no evidence to create a genuine issue of material fact as to elements one, two, and four. Therefore, his intentional infliction of emotional distress claim fails.

It is unclear whether under Connecticut case law a cause of action for reckless infliction of emotional distress on a non-bystander exists. *Compare Montanaro v. Baron*, No. CV065006991, 2008 WL 1798528, at *5 (Conn.Super.Ct. Mar.28, 2008) ("Connecticut . . . does not recognize a distinct cause of action for reckless infliction of emotional distress . . . ."), *with Votre v. County Obstetrics & Gynecology Group, P.C.*, No. CV065005430S, 2007 WL 1675929, at *2–4 (Conn.Super.Ct. May 24, 2007) (analyzing intentional and reckless infliction of emotional distress together, separately from negligent infliction of emotional distress). Even assuming that such a cause of action exists under Connecticut law, Jordan's claim fails because, as discussed below, his allegations do not amount to negligent infliction of emotional distress, which is easier to establish than a claim for reckless infliction of emotional distress. *See Craig v. Driscoll*, 64 Conn. App. 699, 781 A.2d 440, 453 (2001) ("Recklessness is . . . more than negligence, more than gross negligence." (internal quotation marks and citation omitted)).

■ Finally, under Connecticut law, negligent infliction of emotional distress in the workplace arises only in the context of a termination of employment. *Perodeau v. City of Hartford*, 259 Conn. 729, 792 A.2d 752, 764 (2002). Accordingly, Jordan's negligence claim cannot be based on events occurring during his employment at the IRS. *See Michaud v. Farmington Cmty. Ins. Agency*, No. CV010806951S, 2002 WL 31415478, at *3 (Conn.Super.Ct. Sept. 25, 2002) ("[C]onduct taking place within the employment relationship, even if wrongful and providing the basis for the claim of unlawful discharge, cannot provide the factual predicate for the emotional distress claim.").

Jordan further contends that the IRS's denial of his application as an enrolled agent and issuance of notices to the three CPAs with whom he worked created an unreasonable risk of causing him emotional distress. This argument is without merit. First, the denial of his application was warranted because Jordan had falsely indicated that he had timely paid his taxes and that he had never received an unsatisfactory performance review. Second, the notices to the CPAs were required by law, as Jordan himself admitted that he had acted as an enrolled agent even though he did not have a license to do so. *See Malik v. Carrier Corp.*, 202 F.3d 97, 106 (2d Cir. 2000) ("[I]mplicit in the very concept of negligence is that legally protected conduct cannot also be a breach of a legal duty."); *c.f. Morris v. Hartford Courant Co.*, 200 Conn. 676, 513 A.2d 66, 69 n. 4 (1986) (noting that action for infliction of emotional distress is precluded where employer acts pursuant to administrative regulations, *e.g.*, supplying information on forms required by unemployment compensation commission). Accordingly, there is no factual basis supporting Jordan's claim for negligent infliction of emotional distress.

We have considered all of Jordan's other arguments and find them without merit. Accordingly, the judgment of the district court is AFFIRMED.