STEPHANIE ARMSHAW *v.* GREENWICH HOSPITAL
(AC 33310)

Beach, Robinson and Bear, Js.

Submitted on briefs January 13—officially released March 6, 2012

*Peter E. Gillespie* filed a brief for the appellant (plaintiff).

*David S. Poppick* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Stephanie Armshaw, appeals from the summary judgment rendered by the trial court in favor of the defendant, Greenwich Hospital, in this action for wrongful discharge. On appeal, the plaintiff claims that the court erred in determining that the record on summary judgment did not disclose a violation of public policy derived from an explicit statutory or constitutional provision. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. The plaintiff was an at-will employee, working as an emergency room nurse for the defendant. The plaintiff had been the subject of previous disciplinary action, including being placed on suspension for two days for failing to follow "direction of charge [nurse]," "[i]nsubordination" and "[i]nappropriate service behaviors with patients, visitors or employees." At that time, she was

notified that her next disciplinary incident would result in termination of employment.

On May 28, 2008, shortly after her shift began, the plaintiff was informed that a patient assigned to her area of responsibility was being treated for a heart attack. The plaintiff proceeded to the patient's room, observed that he was being attended to by two physicians and four nurses but failed to " 'take report.' "[1] The plaintiff's employment was terminated later that day.[2]

The plaintiff subsequently filed this action in the Superior Court, seeking damages for wrongful discharge. The defendant filed a motion for summary judgment, arguing that the plaintiff's discharge did not violate an articulated public policy of the state. The plaintiff objected, and the court heard argument on the matter. The court subsequently granted the defendant's motion for summary judgment. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that the evidence presented, when viewed in a light most favorable to her,

[1] According to the allegations of the plaintiff's complaint, to " 'take report' " refers to the "typical administrative routine" whereby a nurse, during the course of a shift change, receives "a full summary of the activity in [his or her] service area, receiving information on the patients, their status and their anticipated needs."

[2] According to the employee disciplinary notice providing for her termination, the plaintiff was terminated for "[c]onduct" and "[q]uality of [w]ork" infractions. The notice was accompanied by a "[s]upervisor's [d]escription" of the underlying incident, which provides: "Stephanie arrived today at 0700, she was assigned to Zone I where a patient was experiencing an acute [myocardial infarction]. She was told by the charge nurse . . . of the MI alert. At 0708 Stephanie walked into the room, turned and walked out. Stephanie did not take report from the primary nurse or provide assistance. This impacted on patient safety. Stephanie is a lead nurse expected to be a role model in this department. This demonstrates a continued lack of teamwork on Stephanie's part and is unacceptable for an experienced nurse in this E.R."

supports her claim that she was fired in contravention of a strong public policy of this state. We disagree.

When a court renders summary judgment as a matter of law, our review is plenary, and "we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Schilberg Integrated Metals Corp.* v. *Continental Casualty Co.*, 263 Conn. 245, 252, 819 A.2d 773 (2003). Summary judgment is appropriate "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.

"In Connecticut, an employer and employee have an at-will employment relationship in the absence of a contract to the contrary." (Internal quotation marks omitted.) *Thibodeau* v. *Design Group One Architects, LLC*, 260 Conn. 691, 697, 802 A.2d 731 (2002). Nonetheless, we recognize a common-law cause of action for wrongful discharge "in situations in which the reason for the discharge involved impropriety derived from some important violation of public policy." (Internal quotation marks omitted.) Id., 698; see *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 480, 427 A.2d 385 (1980). In evaluating such claims, "[w]e look to see whether the plaintiff has . . . alleged that [her] discharge violated any explicit statutory or constitutional provision . . . or whether [she] alleged that [her] dismissal contravened any judicially conceived notion of public policy." (Internal quotation marks omitted.) *Thibodeau* v. *Design Group One Architects, LLC*, supra, 699.

The plaintiff states that the essence of her claim "is that she was discharged because she consistently advocated and acted to support proper critical patient care in an emergency situation." In furtherance of her public

policy argument, the plaintiff cites to many statutory provisions, including General Statutes §§ 19a-7a, 19a-89d, 19a-127*l*, 19a-127o, 20-88, 20-92 and 20-99.[3] Our review of the record, however, does not uncover any explicit statutory mandate, constitutional provision or judicial determination that prevents a hospital from discharging an at-will nursing employee, who has been the subject of previous disciplinary action, for failing to follow conduct and quality of work protocols designed to ensure the safety and proper care of its patients.[4] To the extent that the plaintiff claims that the record is replete with issues of fact, we agree with the court's determination that, although "the record discloses many genuine issues of fact, there are no genuine issues of material fact." Accordingly, we conclude that the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

[3] In addition, in support of her claim, the plaintiff cites to *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 693 A.2d 293 (1997) (plaintiff alleging wrongful discharge for refusing to participate in scheme to defraud United States government in violation of 18 U.S.C. § 1031), *Van Kruiningen* v. *Plan B, LLC*, 485 F. Sup. 2d 92 (D. Conn. 2007) (plaintiffs alleging wrongful discharge after reporting that supervisor had sold alcohol to minor in violation of General Statutes § 30-86) and *Maury* v. *Computer Sciences Corp.*, United States District Court, Docket No. 3:02cv1492 (DJS) (D. Conn. 2005) (plaintiff alleging wrongful discharge after repeated complaints about defendant's copyright infringement in violation of 17 U.S.C. § 506). We note that these cases are inapposite as each involved the alleged wrongful discharge of an employee who had complained about an employer's clear violation of an express statutory provision. Although the plaintiff refers to the defendant's requirement that she " 'take report' " as "bureaucratic," the record provides no factual basis to support a claim that the defendant's policies, procedures and practices are in any way illegal or violative of an explicit statutory provision.

[4] Moreover, even if the defendant had discharged the plaintiff under a mistaken belief that she had violated its internal procedures, its conduct would not fall within the narrow public policy exception to the at-will employment doctrine. Cf. *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 679–80, 513 A.2d 66 (1986) (false but negligent accusation of criminal conduct as basis for dismissal not demonstrably improper reason for discharge where employer had no statutory duty to investigate).